## THE STATE v. STOLLER.

**Criminal law**: EMBEZZLEMENT: CARRIER. The crime defined in section 4245 of the Revision, which is identical with section 3910 of the Code, is limited to property which has been delivered *to be carried for hire*: and it was accordingly *held*, that where a quantity of wheat had simply been stored with the defendant, which he converted to his own use, an indictment against him for embezzlement would be demurrable.

*Appeal from Jones District Court.*

WEDNESDAY, JUNE 3.

THE defendant was indicted for embezzlement. The indictment charges that the defendant " on the first day of January, 1871, was engaged in and carrying on the business or employment of a warehouseman in the town of Anamosa, in Jones county, Iowa, and while so engaged and employed, to-wit: on or about the first day of April, 1871, one John Cheshire delivered to said A. Stoller, at the place aforesaid a large amount of grain, to-wit: one thousand and seventeen bushels of wheat of the value of one thousand and two hundred dollars, the same then and there being the property of the said John Cheshire, the same to be stored and cared for by said Stoller until called for by said John Cheshire, and the said A. Stoller then and there took and received said grain as such warehouseman, from said Cheshire and agreed to care for and store the same, and receive in consideration therefor as compensation for said care and storage the sum of thirty dollars, and deliver the same to said John Cheshire, whenever he, the said Cheshire should demand the same, which said sum the said Cheshire agreed to pay said Stoller therefor, whenever required. That after said grain had been delivered by said John Cheshire, and received as aforesaid by said A. Stoller, to-wit: On or about the 1st day of April, 1871, the said A. Stoller, did feloniously embezzle and fraudulently convert to his own use, the whole of said grain in mass, and so did before said grain or any part thereof had been demanded by, or delivered to said Cheshire by said Stoller, and without the knowledge or consent of said John Cheshire contrary to law."

To this indictment the defendant demurred, because it does not show the crime of embezzlement within the meaning of the statute.

This demurrer was sustained by the court and the cause dismissed. The State excepted and appeals. The action of the court in sustaining the demurrer is assigned as error.

*M. E. Cutts, Attorney-General,* for the State.

*I. M. Preston & Son,* for appellee.

COLE, J.—Our statute, upon which this indictment is based, is Rev. of 1860, § 4245, which is identical with the Code of 1873, § 3910. It is as follows: "If any carrier or other person, to whom any money, goods or other property which may be the subject of larceny, has been delivered to be carried for hire, or if any other person intrusted with such property, embezzle or fraudulently convert to his own use any such money, goods, or other property, either in the mass as the same were delivered, or otherwise, and before the same were delivered at the place or to the person where and to whom they were to be delivered, he is guilty of larceny and shall be punished accordingly."

Whether the indictment charges an offense, depends upon the construction of the language of this section of our statute. If the defense defined can be committed upon any "property which may be the subject of larceny," then the indictment, it is conceded, charges an offense. But if it can only be committed upon property which "has been delivered to be carried for hire," then, it is conceded, the indictment does not charge an offense. We concur with the District Court in holding the latter view to be the true construction of the statute.

The language, "*or* if any other person intrusted with *such property,*" can not properly be limited to "property which may be the subject of larceny"; but it applies to all the language after the word "whom" and down to the word "or." That is to say, the section is to have the same construction as

it would have if that language, so immediately preceding the "or," was substituted in the place of the words "such property," to-wit: "or if any other person·intrusted with money, goods or other property which may be the subject of larceny, (and) has been delivered to be carried for hire." In other words, the term, "property which may be the subject of larceny" is used generically, and describes a class of property; and the same meaning is to be given to it as would be given to the enumeration of the different species of that genus or class, if they had been specifically named. The section would then read, "if any carrier or other person to whom any money, goods, [bullion, ore, notes, bills, silver plate, pictures, iron, brass, copper, etc., etc.,] has been delivered to be carried for hire, or if any person intrusted with such property embezzle, etc." When the different species of property which are embraced in and described by the generical term used are substituted for that term, no person would think of limiting the phrase "*such property*" to the species thus substituted, but would readily concede that it must apply to all that precedes—to the money and goods as well as the enumerated species; and all these, it will readily be seen, are limited to such as have "*been delivered to be carried for hire.*" Hence, if the articles of property have not been delivered to be carried for hire, they are not within the meaning or language of the section.

This construction of the statute harmonizes the entire section, and effectuates its manifest intent. It does not, as in the able argument of the Attorney-General it is supposed, render meaningless or superogatory the words "if any other person," in the third line of the section, because the words, "or other person," are also used, following the word "carrier," in the first line. Under our construction, a carrier or other person to whom such property has been delivered *to be carried*, would embrace not only the carrier himself, but also route agents, teamsters and the like, who received the property for the purpose of carrying it, while "any other person" interested with such property, would embrace local or office express agents, warehousemen, and their respective clerks, assistants and

helps. So that each term "other person," as used in the section, has its full force and complete application to a distinct class of persons, to-wit: those to whom such property is delivered *to be carried*, and those to whom such property *is intrusted*.

In thus construing the section, we disregard the common law rule of strict construction, and give full force to our statute, Rev. 1860, § 5112, requiring every statute "to be liberally construed, with a view to promote its objects, and in furtherance of justice." The common law rule would also doubtless require the words "other person," as used in the section, since they follow the specific class called carrier, to be so construed as not to enlarge that class, but to limit it thereto—other *like* person. *Rex v. Gillbrass* 7 Carr. & P., 444; *Rex v. Garratt*, 6 Ib., 369; *Rex v. Harris*, 7 Ib., 446; *The State v. Burrows*, 11 Iredell, 477; *The State v. Sumner*, 10 Vermt., 587; 2 Bishop Cr. Law, 275, and cases cited. The case of *Johnson v. Commonwealth*, 5th Bush, 431, is in perfect accord with our view, as will be seen from the following quotation from the opinion:

"It is contended for the appellant that the offense which this provision of the statute was intended to embrace, is restricted to the fraudulent conversion or secretion of money or property by carriers, porters, and others, who may be specially engaged in conveying and delivering money or property for hire, and that it does not embrace the acts of ordinary servants, who receive or are entrusted with money or property in the business of their employers; but as we construe the statute, it has a more comprehensive meaning, and embraces all persons who are guilty of fraudulently secreting or converting to their own use the money or property of others entrusted to them or placed in their hands *for the purpose of being carried or delivered.*"

The cases of *Commonwealth v. Williams,* 3 Gray, 461, is also in accord with our view as expressed in this opinion. Since, therefore, the indictment does not show that the property charged to have been embezzled, was delivered to be carried for hire, it does not show the crime of embezzlement within the meaning of the statute.

AFFIRMED.