DAVID VAN ETTEN, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. **Attorney's Lien.** An attorney at law has a lien for a general balance of compensation upon money in his hands belonging to his client, and until such lien is discharged he is not ·liable· to a prosecution for the embezzlement of such money.

2. ———: CASE STATED: · EMBEZZLEMENT. An attorney at law collected for his client the sum of $177, less costs, and which he retained as due him for services rendered in the action in which the money was received, and for services rendered in other proceedings. He also brought an action against his client for the sum of $90, alleged to be due him as a balance on account. In that suit the defendant filed a counter-claim for $172.30, being the amount received by the attorney. Upon a trial in a justice court, where the action was pending, the jury returned a verdict in favor of the defendant in the action for $127.30, from which the plaintiff appealed to the district court. Pending this proceeding a prosecution was instituted against the attorney, charging him with the embezzlement of $172.30. On the trial of the cause the jury found him guilty of embezzling $172.30 as charged. It was *Held*, That as the true state of the account between the attorney and his client was not settled, either by amicable adjustment or adjudication, the verdict and judgment thereon could not stand.

ERROR to the district court for Douglas county. Tried below before HOPEWELL, J.

*Van Etten & Wetmore,* for plaintiff in error.

*William Leese, Attorney General,* and *E. W. Simeral,* for the state.

REESE, CH. J.

This is a proceeding in error to the district court of Douglas county. Plaintiff in error was charged in that court, upon an information of the county attorney, with

the embezzlement of the sum of $172.30, the money of one William Butt, which money it is alleged came into his hands as the attorney of the said Butt. The trial resulted in a verdict of guilty as charged in the information, and that the amount, in value, of money embezzled was $172.30.

A motion for a new trial was made and overruled, when judgment of conviction was rendered on the verdict.

The errors assigned in the motion for a new trial were:

"*First.* Error in the proceedings of the court by which the defendant was prevented from having a fair trial.

"*Second.* Abuse of discretion of the court, by which defendant was prevented from having a fair trial.

"*Third.* The verdict is not sustained by sufficient evidence.

"*Fourth.* Error of law occurring upon the trial."

The first and second assignments in the motion for a new trial, while not perhaps sufficiently specific for that purpose, doubtless referred to the action of the district court in refusing to permit plaintiff in error to withdraw his plea of not guilty, which had been entered to the information, for the purpose of filing a motion to quash the proceeding. This inference is drawn more from the language of the brief filed in this court than from the assignments in the motion. The question will be disposed of with the remark that we are unable to find any evidence of abuse of discretion in the ruling of the court. The question presented by the brief will therefore not be further discussed.

The objection contained in the third assignment in the motion, to-wit, that the verdict was not sustained by sufficient evidence, requires more careful attention. It appears from the evidence, both of the prosecuting witness and the witnesses of plaintiff in error, that plaintiff in error had been the attorney of the prosecuting witness for considerable time, and had prosecuted legal business for him,

both as consulting attorney and by appearances in court. That some time before the filing of the information in the criminal proceeding he had been retained by Butt, who was in business in Omaha as a grocer, to defend an attachment proceeding instituted against him by Meyer & Raapke, and in which an indebtedness of $177, due to Butt, had been garnished.

Plaintiff in error, in his employment, filed the necessary answer, and a motion to discharge the attachment, supported by evidence, and upon the hearing of which the attachment was discharged, and the money which had been paid into court by the garnishee was paid to plaintiff in error, less some costs, which reduced it to the $172.30. Some time after plaintiff had received this money Butt called upon him, but did not receive the money. Plaintiff then brought an action against Butt for the sum of $90.60, which he alleged was the balance due him after all credits, whereupon a criminal proceeding was instituted charging plaintiff with the embezzlement of the money. Butt testified that the employment was for a stipulated fee of $25 or $30, the principal part of which he claimed to have paid soon after the employment. This is denied by plaintiff in his testimony. Butt also testified that when first approached upon the subject of the money which plaintiff had received from the clerk of the district court, its receipt was denied by plaintiff, until informed that Butt had the statement of the clerk to the effect that he (plaintiff) had received and receipted for the money. The action which plaintiff brought against Butt for the $90.60 was tried in the justice of the peace court in which it was instituted, upon plaintiff's bill of particulars, and a counterclaim by Butt, demanding the sum of $172.30, where a verdict was returned by the jury in that court in favor of Butt for the sum of $127.30, upon which judgment was rendered, and from which judgment plaintiff appealed to the district court, where the action is now pending.

Laying aside all discussions of plaintiff's conduct in connection with the matters involved, we are confronted with this condition: the trial in the justice court resulted in a a finding against plaintiff of an indebtedness of $127.30, while the finding of the jury in the criminal prosecution in the district court is, that plaintiff embezzled $172.30. The principal portion of the testimony adduced upon the trial in the criminal proceeding was an investigation of the condition of the account between plaintiff and Butt, his client. Attorneys were called as witnesses on the part of the state, for the purpose of proving the value of the legal services rendered by the plaintiff in the attachment proceeding, who generally testified that $50 would have been a reasonable fee; while on the part of the defense equally respectable attorneys testified that from $100 to $150 would have been a reasonable compensation, and thus while the litigation between plaintiff in error and Butt was pending he is arrested and tried for embezzling the identical money in dispute in that action. No settlement had ever been made between plaintiff and the prosecuting witness, and the balance due plaintiff had not been finally ascertained by adjudication. It is testified by plaintiff in error that Butt is indebted to him for other services, as before stated, and this is not disputed by the prosecution.

Sec. 8 of chapter 7 of the Compiled Statutes of 1887, provides that, "an attorney has a lien for a general balance of compensation upon any papers of his client which have come into his possession in the course of his professional employment; upon money in his hands belonging to his client, and in the hands of the adverse party in the action or proceeding in which the attorney was employed from time of giving notice of said lien to that party."

If Butt was indebted to plaintiff for professional services rendered in other cases, plaintiff had a lien upon the money received for such services. That lien extended to the whole indebtedness, covering the general balance due.

47

If the lien existed he could not be called upon to pay over the money. It was his. The question of the general balance due from Butt to plaintiff seems to have been transferred from the civil tribunal to the criminal court, notwithstanding the very questions were then pending in such civil tribunal.

We must admit that we are unable to comprehend by what principle of law this conviction can stand. We are not permitted to finally adjudicate the rights of the parties in this criminal action. As we have said, it is shown by the record that plaintiff has been convicted of embezzling $50 more than was due Butt from him, assuming the judgment before the justice to be correct. Suppose that upon the trial of the appeal, now pending in the district court, it should be ascertained that the plaintiff was not indebted to Butt, and had no money in his possession which belonged to Butt, then we are confronted by the anomalous condition of a conviction for embezzlement of money which at the time belonged to the person charged with the embezzlement. The final adjudication of the civil suit, when had, must be taken as settling that question. No binding adjudication thereof can be had in this case.

Again, section 121 of the criminal code declares it to be a crime for any clerk, agent, attorney at law, or servant of any private person, or of any co-partnership, etc., to embezzle or convert to his own use, or fraudulently take, or make way with, or secrete with intent to embezzle, or fraudulently convert to his own use, without the assent of his or her employer or employers, or the owner or owners thereof, any money, goods, etc.

An important question arises as to whether or not Butt was the owner of the $172.30, or any part thereof, until after it was ascertained by settlement or adjudication just how much of his money plaintiff in error had, at the time of the alleged embezzlement. It must be conceded that plaintiff was the owner of that money to the extent of his

lien, not only for his services in the attachment case referred to, but to the full extent of the general balance due him from Butt. It is not the province of the criminal law to settle that question.

The case of *The State v. Kent*, 22 Minn., 41, *S. C.*, 2d American Criminal Reports, 107, was where a collector of pew rents for a church was entitled to five per cent of such rents collected, no matter who collected them. He was charged with embezzlement by fraudulently converting the rents collected to his own use, and upon conviction he took the case to the supreme court for review. It was there held that the effect of the agreement was to vest in the accused an undivided one-twentieth interest in the rents collected, and to that extent to make him an owner of the same jointly with the corporation for whom he acted, and that the money was therefore not the property of any other than the defendant. A number of cases and authorities are cited in support of that decision. The statute under which the prosecution arose was quite similar to the section of our criminal law above referred to. The same principle is involved here. It is a crime for an attorney at law to embezzle his client's money, but the money in his hands which would otherwise belong to his client is not such client's money until the attorney's lien is discharged. When that is done a conviction for embezzlement might be sustained.

The judgment of the district court is reversed and the cause remanded for further proceeding.

REVERSED AND REMANDED.

THE other judges concur.