## THE STATE v. CAMPBELL.

**Intoxicating Liquors**: TRANSPORTATION WITHOUT CERTIFICATE: WHO LIABLE: CONSTRUCTION OF STATUTE. In section 1553 of the Code as amended (see McClain's Ann. Code, sec. 2410), which provides that "if any express company, railway company, or any agent or person in the employ of any express company, or if any common carrier, or any person in the employ of any common carrier, or if *any other person*, * * * shall knowingly convey between points, or from one place to another, within this state, for any person, * * * any intoxicating liquors, without first having been furnished with a certificate from the county auditor," etc., *held* that the words "any other person," above italicized, do not enlarge the classes before named, but mean simply other persons of like kind, or in like employment, with those specified. But *held* further that, where a man having horses and two wagons was employed exclusively by a wholesale liquor-dealer to deliver liquors to retail sellers in the same city, the driver employed by such person for the horses and wagons so engaged was included in the class referred to by the words "any other person."

*Appeal from Polk District Court.*—HON. JOSIAH GIVEN, Judge.

FILED, OCTOBER 30, 1888.

THE defendant was tried before a justice of the peace on a charge of transporting intoxicating liquors without having a certificate from the auditor of the county authorizing him to engage in that business. He was found guilty, and upon an appeal to the district court he was again adjudged to be guilty. He appeals.

*Cole, McVey & Clark*, for appellant.

*A. J. Baker*, Attorney General, for appellee.

ROTHROCK, J.—A jury was waived in the district court, and with the consent of the parties the court

made findings of facts. As counsel for the respective parties are at variance as to the proper construction to be given to the findings, it appears to be necessary to set them out in full. They are as follows: "Between the fifteenth and twenty-fifth days of February, 1887, Hurlbut, Hess & Co. were a corporation under the laws of Iowa, and merchants doing business in the city of Des Moines as wholesale dealers in drugs, selling largely to druggists and others in the city. That C. H. Ward was a member of said corporation, and a registered pharmacist and authorized dealer in intoxicating liquors in the city, and selling largely to registered pharmacists and others in the city. That said parties, for convenience, employed one Joseph Row to do their hauling, under an agreement that he should not haul merchandise for any other firm or dealers; and for such service they paid him an average of about twenty-five dollars a week, he using in that business two wagons,—a two-horse wagon and a one-horse wagon. (2) That said Joseph Row employed the defendant, Albert Campbell, at seven dollars per week, to drive a team for him, and to attend to the delivering of goods for the said Hurlbut, Hess & Co. and C. H. Ward. (3) That said parties, in selling goods and intoxicating liquors to merchants and others in the city, agreed to deliver the goods and intoxicating liquors sold to the purchasers; and that to deliver goods and intoxicating liquors so sold was part of the duty and employment of the said Joseph Row, and of the defendant, Albert Campbell. That between the dates named—February 15 and February 25, 1887— Albert Campbell did deliver to registered pharmacists in this city, who had permits to sell, intoxicating liquors purchased by them from C. H. Ward, knowing that the liquors being delivered were intoxicating liquors, and did so without having any certificate from the county auditor, as provided for in section 1553, as amended by the Acts of the Twenty-First General Assembly, and without the said C. H. Ward having such certificate for transportation." Section 1553 of the Code, referred to in the findings of fact, is as follows: "If

any express company, railway company, or any agent or person in the employ of any express company, or if any common carrier, or any person in the employ of any common carrier, or if any other person, knowingly bring within this state for any other person or persons or corporation, or shall knowingly transport or convey between points, or from one place to another, within this state, for any other person or persons or corporation, any intoxicating liquors, without first having been furnished with a certificate from and under the seal of the county auditor of the county to which said liquor is to be transported or is consigned for transportation, or within which it is to be conveyed from place to place, certifying that the consignee or person to whom said liquor is to be transported, conveyed, or delivered is authorized to sell such intoxicating liquors in such county, such company, corporation, or person so offend-ing, and each of them, and any agent of such company, corporation, or person so offending, shall, upon convic-tion thereof, be fined in the sum of one hundred dollars for each offense, and pay costs of prosecution; and the cost shall include a reasonable attorney fee, to be assessed by the court, which shall be paid into the county fund, and stand committed to the county jail until such fine and costs of prosecution are paid. The offense herein defined shall be held to be complete and shall be held to have been committed in any county of the state through or to which said intoxicating liquors are transported, or in which the same is unloaded for transportation, or in which said liquors are conveyed from place to place or delivered. It shall be the duty of the several county auditors of this state to issue the certificate herein contemplated to any person having such permit, and the certificate so issued shall be truly dated when issued, and shall specify the date at which the permit expires, as shown by the county records." Counsel for appellant contends that the defendant is not guilty of the offense charged, because he does not belong to one of the classes of persons designated and named in the statute. The statute provides that "if

any express company, railway company, or any agent or person in the employ of any express company, or any common carrier, or any person in the employ of any common carrier, or if any other person, knowingly bring within this state," etc., he shall be liable. It is claimed that the words " or any other person " do not enlarge the classes which precede, but that the words

1. INTOXICATING liquors: transportation without certificate: who liable: construction of statute.

"any other person" mean simply other persons of like kind, or in like employment, with those specified. The argument is that, if all persons were intended, there would have been no necessity for making special mention of the classes, and the act would simply have prohibited any person from doing the act, without further designation. In other words, it is claimed that the words " any other person " are limited to other like persons. There can be no question that the rule of construction as claimed by counsel is correct. See *State v. Stoller*, 38 Iowa, 321, and authorities there cited.

But the question remains to be determined whether the defendant belongs to the class of persons made liable by the statute ; and this is to be ascertained from the findings of fact. It appears therefrom that Hurlbut, Hess & Co. is a corporation doing business under that name, and dealing in drugs. Ward was a member or stockholder in the corporation, and was a registered pharmacist, and authorized dealer in intoxicating liquors, and sold largely to registered pharmacists in the city. It would seem from these facts that Ward carried on the business of selling intoxicating liquors lawfully, and separate from the general drug business carried on by the corporation. Both were wholesale dealers, and sales were made to retail druggists and pharmacists. The purchasers did not take the goods from the store-rooms, but Ward and the corporation were bound by their contracts of sale to deliver the goods purchased to the purchasers. They employed Row, not as a mere servant to drive a delivery team of their own, but as the owner of two wagons, to transport the goods sold to the purchasers. The defendant, Campbell, was an employe

of Row, and the driver of one of his teams used in transporting or delivering the goods sold by Ward and the corporation. Row was therefore engaged in the business of moving, transporting, or delivering the goods for hire, just the same as a transfer company, with the exception that he could not be said to be a common carrier, because he was not a public carrier, his employment with Ward and the corporation being exclusive. We think he and his employe, Campbell, may fairly be held to belong to the classes enumerated in the statute, or, rather, to belong to a like class. We do not regard the fact that the liquors were not carried or conveyed outside of the city of Des Moines as of controlling importance in the case. Ward was a wholesale dealer, and the conveying of the liquors to the retail dealers was a conveyance from "one place to another within the state," the same as if the acts with which he was charged had been the transfer from one town to another. The statute is not to be construed with reference to the boundaries of cities, towns, townships, or counties. We do not think that the defendant should be considered as the mere servant of Ward, or his mere delivery-man. He was, it is true, in a certain sense, the delivery-man for Ward, but he was more than that; he was the employe of Row, who was a carrier for hire, and carried the goods from the seller to the purchaser. We think the judgment of the district court should be

AFFIRMED.