[No. 14945. Department One. March 31, 1919.]

THE STATE OF WASHINGTON, *Appellant,* v.
HARRY J. EBERHART, *Respondent.*[1]

LARCENY (2)—PROPERTY SUBJECT—PARTNERSHIP PROPERTY—STATUTES—CONSTRUCTION. In Rem. Code, § 2601, subdiv. 3, specifying the classes of persons such as bailees, factors, pledgees, etc., who may be guilty of larceny by misappropriating the property of another intrusted to their possession, the general clause, following the enumeration of the specific classes, must be construed to embrace only subjects of the same nature, i. e. covering "property of another"; and therefore does not include partners; especially in view of the repeal of prior legislation making partners misappropriating partnership property guilty of larceny.

SAME (2)—STATUTES (77)—CONSTRUCTION OF PENAL STATUTES. Copartnership property is not the subject of larceny by one partner under such section, by reason of Id., § 2602, providing that it is no defense to larceny that the property appropriated was partly the property of another; that section having no application, since partnership property is not the property of another; and penal statutes must be construed to reach no further than their words.

Appeal from a judgment of the superior court for Whatcom county, Pemberton, J., entered February 9, 1918, dismissing a prosecution for grand larceny, upon sustaining a demurrer to the information. Affirmed.

*W. P. Brown,* for appellant.

*Fred W. Neal* and *Grady & Shumate,* for respondent.

MAIN, J.—The defendant in this case was charged with the crime of grand larceny. The property alleged to have been stolen was one Ford automobile, which was the "personal property of a copartnership consisting of said defendant and Frank Leighton". To the information, a demurrer was interposed, which was sustained by the trial court. The state elected

[1]Reported in 179 Pac. 853.

to stand upon the information as drawn and refused to plead further. A judgment was entered dismissing the action, from which the appeal is prosecuted.

There is but one question in the case, and that is whether copartnership property, under the laws of this state, is a subject of larceny by one of the general copartners, during the existence of the copartnership. The appellant contends that partnership property may be the subject of larceny by one of the partners during the existence of the partnership. The respondent makes the opposite contention.

The charge in the information is laid under § 2601, Remington's Code, wherein it is provided that:

"Every person who, with intent to deprive or defraud the owner thereof—   .   .   .

"(3) Having any property in his possession, custody or control, as bailee, factor, pledgee, servant, attorney, agent, employee, trustee, executor, administrator, guardian or officer of any person, estate, association or corporation, or as a public officer, or a person authorized by agreement or by competent authority to take or hold such possession, custody or control, or as a finder thereof, shall secrete, withhold or appropriate the same to his own use or to the use of any person other than the true owner or person entitled thereto,—

"Steals such property and shall be guilty of larceny."

This statute is one of the sections of the criminal code which was passed during the legislative session for the year 1909. It will be noticed that the statute nowhere specifically mentions the subject of larceny by one partner of the partnership property. Prior to the passage of the criminal code, there was a statute (Ballinger's Code, § 7110), which covered the subject of larceny of partnership property by a copartner. That statute was passed in 1867, and while it was not

embodied in the code of 1881, it was carried into not only Ballinger's Code, but also into Hill's Annotated Codes & Statutes (vol. 2, p. 664, § 49a). This statute was expressly repealed by the criminal code of 1909. [Rem. Code, § 2304.] Prior to that time, there had been no legislation repealing the statute. This situation is then presented: When the 1909 act was passed, there was a live statute covering the subject of larceny of partnership property by one of the partners during the existence of the partnership, and this statute was expressly repealed.

Returning to the section of the criminal code above quoted, it appears that therein it is made larceny for any one of a specific number of named classes, having possession, custody or control as bailee etc., to appropriate such property "to his own use". In enumerating the specific classes, a copartner is not mentioned. The state claims that the general clause in the statute, "or a person authorized by agreement", which follows the specific classes mentioned, is broad enough to include larceny of partnership property by one of the partners. This is a general clause following the specific mention of a number of enumerated subjects. In such a case, the rule is that the enumeration of a special class of subjects, being followed by a general clause intended to embrace subjects not enumerated, the general clause will be construed to include only subjects that partake of the same nature as those already mentioned. *Philips v. Christian County,* 87 Ill. App. 481; *American Manganese Co. v. Virginia Manganese Co.,* 91 Va. 272, 21 S. E. 466; *State v. Campbell,* 76 Iowa 122, 40 N. W. 100.

The statute, after covering property in the possession, custody or control as bailee, etc., uses the general term: A person authorized by agreement "to

take or hold such possession". By the use of the word "such" in this connection, the words which follow it relate back to the possession, custody and control above mentioned, which is that as bailee, etc. In other words, the person who would be guilty under the general clause must have the possession, custody and control as a bailee, factor, pledgee, etc. In all of the enumerated classes mentioned, the title to the property would be in another.

The title to partnership property cannot be said to be in another because each partner is the ultimate owner of an undivided interest in all the partnership property, and none of such property can be said, with reference to any partner, "to be the property of another". 9 Ruling Case Law, p. 1281.

Our attention is called to Remington's Code, § 2602, which provides that it shall be no defense to a prosecution for larceny that the property appropriated was partly the "property of another" and partly the property of the accused; but this statute does not cover the present case, because, as just pointed out, partnership property cannot be said to be the property of another. If it was the legislative intent to include partners in the statute, as said in *State v. Butman*, 61 N. H. 511, 60 Am. Rep. 332, "it is not easy to understand why they were not mentioned, or why the intent was left to be discovered by implication". The rule for the construction of penal statutes is, that they are to reach no further than their words, and a person is not to be made subject to them by implication. *McCarty v. State*, 1 Wash. 377, 25 Pac. 299, 22 Am. St. 152.

It seems plain, when the statute is read in the light of prior legislation, which was repealed by the same act of which the statute relied on was a part, and the

8—106 WASH.

ordinary rules of construction are applied, that it was not the legislative intent to make the appropriation of partnership property by one of the partners, during the existence of the partnership, a criminal act. It is argued, however, that the section of the statute relied on being a part of the general code on the subject, the legislature had abbreviated many former statutes and embodied the same rule in the code by the insertion of a word or phrase in connection with other words or phrases which would express the same thought as was formerly covered by a more comprehensive statute or statutes. One instance referred to is the use of the word "bailee" in the section of the criminal code above quoted, which accomplishes the same purpose as did a comprehensive section of the statute devoted to that subject as it appeared in § 7118, Ballinger's Code. This argument would be more persuasive if the word partner were used in the statute now under consideration, as is the word bailee.

Without reviewing the argument further, it may be said that, in our opinion, to sustain the information in this case it would be necessary to read into the act, by implication, something that does not come within its terms, and would do violence to the settled rule of construction for such statutes.

The judgment will be affirmed.

CHADWICK, C. J., TOLMAN, and MITCHELL, JJ., concur.