[Criminal No. 505.   Filed October 19, 1921.]

[201 Pac. 93.]

In the Matter of the Application of LON SANDERS for a Writ of Habeas Corpus. STATE, Appellant, v. LON SANDERS, Respondent.

1. HABEAS CORPUS — LEGALITY OF IMPRISONMENT DETERMINED ON HABEAS CORPUS.—Under Penal Code of 1913, section 1359, subdivision 7, providing that, if it appear on the return of the writ of *habeas corpus* that the petitioner has been committed on a criminal charge without reasonable or probable cause, he may be discharged, the legality of imprisonment may be determined on *habeas corpus*.

2. EMBEZZLEMENT — PARTNERSHIPS NOT INCLUDED WITHIN STATUTE ENUMERATING PERSONS LIABLE FOR EMBEZZLEMENT.—Penal Code of 1913, section 503, enumerating persons who can be guilty of embezzlement, and further including any "person otherwise intrusted with or having in his control property for the use of any other person," does not include partners, as a partner combines in himself at once the character of principal and agent.

---

1. Errors or irregularities in proceedings as reviewable by *habeas corpus*, note, 11 **Ann. Cas.** 1051.

2. Embezzlement by member of partnership or unincorporated association, note, 14 **Ann. Cas.** 724.

APPEAL from a judgment of the Superior Court of the County of Santa Cruz. W. A. O'Connor, Judge. Affirmed.

Mr. W. J. Galbraith, Attorney General, and Mr. Arthur H. De Riemer, County Attorney, for the State.

Mr. S. F. Noon, for Respondent.

ROSS, C. J.—This is an appeal from an order of the superior court of Santa Cruz county, made in a *habeas corpus* proceeding discharging the petitioner, Lon Sanders, from custody, and is prosecuted by the state under subdivision 7 of section 1227, Civil Code of 1913. The petitioner, after preliminary trial before committing magistrate in said county, had been regularly held to answer the charge of embezzlement. In his petition for a writ of *habeas corpus* the illegality of his imprisonment was alleged to be that he was committed without reasonable or probable cause, and as a part of his petition the testimony taken at the preliminary was made an exhibit. It appears from the testimony taken at the preliminary that the funds the petitioner is alleged to have embezzled were the property of a copartnership of which he was a member. The Attorney General therefore states:

"The sole question presented by this appeal is whether a partner may be tried and convicted under the Penal Code of this state for the embezzlement of partnership funds."

On this question we have only the view point of the Attorney General; the petitioner failing to make any appearance.

The writ of *habeas corpus* was sought by the petitioner under subdivision 7 of section 1359 of the Penal Code, wherein it is provided that, if it appear

on the return of the writ of *habeas corpus* that the petitioner has been committed on a criminal charge without reasonable or probable cause, he may be discharged. The right to have the legality of his imprisonment thus determined is well settled by the following cases: *Ex parte Sternes,* 82 Cal. 245, 23 Pac. 38; *Ex parte Vice,* 5 Cal. App. 153, 89 Pac. 983; *Ex parte Baugh,* 30 Idaho, 387, 164 Pac. 529.

Embezzlement is purely a statutory offense. It was unknown to the common law. We must therefore look to our statute defining the crime of embezzlement and the relations under which it may be committed in order to determine whether a partner may be tried and convicted for misappropriating funds belonging to his partnership. We are asked to construe section 503 of the Penal Code to cover a partner who misappropriates partnership funds. That paragraph reads as follows:

"Every trustee, banker, merchant, broker, attorney, agent, assignee in trust, executor, administrator or collector, or person otherwise intrusted with or having in his control property for the use of any other person, who fraudulently appropriates it to any use or purpose not in the due and lawful execution of his trust, or secretes it with a fraudulent intent to appropriate it to such use or purpose, is guilty of embezzlement."

It is obvious that it does not in terms cover the situation. None of the employments or trust relations therein enumerated comprehends or approaches the relationship a partner sustains to the partnership funds, nor do we think the expression "or person otherwise intrusted with or having in his control property for the use of any other person" fits the case of a partner, for the reason the partner does not have control of the property "for the use of any other person," but rather for the use of himself and all the other members of the partnership.

In the case of *State* v. *Reddick,* 2 S. D. 124, 48 N. W. 846, under a statute for the purpose of this case just the same as ours, the court said, after quoting the statute:

"Upon these provisions of law the contention is made that defendant in error was a trustee of his copartner; that as such partner and consequent trustee he had in his control property for the use of another, and that a fraudulent appropriation of such property to a use or purpose not in the due and lawful execution of his trust, as charged in the indictment, rendered him guilty of embezzlement. It need hardly be stated that under the general statute defining embezzlement as a criminal offense the rule is that the fraudulent misappropriation of partnership funds by one of the partners does not constitute embezzlement, for each partner is the ultimate owner of an undivided interest in all the partnership property, and none of such property can be said, with reference to either partner, to be the property of another, and, as no one can be guilty of stealing or embezzling what belongs to him and of which he is legally entitled to the possession, the courts have uniformly held that a general partner cannot be convicted of embezzling partnership property which comes into his possession or under his control by virtue of his being such partner and joint owner. Wharton, Criminal Law, 9th ed., pars. 935, 1015, 1054; *State* v. *Kent,* 22 Minn. 41; *State* v. *Butman,* 61 N. H. 511; *Van Etten* v. *State,* 24 Neb. 734, 40 N. W. 289; *Napoleon* v. *State,* 3 Tex. App. 522."

The Attorney General cites as supporting his contention *State* v. *Kusnick,* 45 Ohio St. 535, 4 Am St. Rep. 567, 15 N. E. 481. In that case it was held that the owner of shares of stock in a joint-stock banking company who was also the cashier of the company could be guilty, under the Ohio statute, of embezzling the funds of the banking company. The court in the Reddick case, in commenting upon the decision in the Kusnick case, used this language:

"It was his employment as cashier that imposed the duty and trust upon him, and at the same time afforded him the opportunity for their violation and abuse. And even then the court seems to have regarded it as important to demonstrate that the statute under which the conviction was had deliberately eliminated as an element of the offense the condition that the subject of the embezzlement should be the property of another."

The Illinois "court declines to follow the reasoning" of the Kusnick case. *McElroy* v. *People*, 202 Ill. 473, 66 N. E. 1058; *People* v. *Dettmering*, 278 Ill. 580, 116 N. E. 205.

We have come to the conclusion that—

"A partner cannot be guilty of embezzlement of partnership funds, because said partner combines in himself at once the character of principal and agent. The partners have the community property and are interested in the partnership effects." *Napoleon* v. *State*, 3 Tex. App. 522; *Ray* v. *State*, 48 Tex. Cr. 122, 86 S. W. 761; *Gary* v. *Northwestern Masonic Aid Assn.*, 87 Iowa, 25, 53 N. W. 1086.

The judgment of the lower court is affirmed.

McALISTER and FLANIGAN, JJ., concur.