[No. 5843-3-III.   Division Three.   January 10, 1984.]

THE STATE OF WASHINGTON, *Appellant,* v. KEN E. BIRCH, *Respondent.*

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Howard W. Hansen, Deputy,* for appellant.

*J. Adams Moore, Jr.,* and *Dobbs, Moore & Kirkevold,* for respondent.

MUNSON, C.J.—The State appeals the trial court's dismissal of three counts of first degree theft[1] and one count of second degree theft[2] against Ken E. Birch. Based on *State v. Eberhart,* 106 Wash. 222, 179 P. 853 (1919), the court held as a matter of law a partner could not be charged with embezzling partnership funds because the partner would not be exerting unauthorized control over the property of another.[3] We affirm, believing this issue is better left to the Legislature.

---

[1]RCW 9A.56.030 states in pertinent part:

"(1) A person is guilty of theft in the first degree if he commits theft of:

"(a) Property or services which exceed(s) one thousand five hundred dollars in value; . . ."

[2]RCW 9A.56.040 states in pertinent part:

"(1) A person is guilty of theft in the second degree if he commits theft of:

"(a) Property or services which exceed(s) two hundred and fifty dollars in value, but does not exceed one thousand five hundred dollars in value; . . ."

[3]RCW 9A.56.020 states in pertinent part:

"(1) 'Theft' means:

"(a) To wrongfully obtain or exert unauthorized control over the property or services of another or the value thereof, with intent to deprive him of such property or services; . . ."

The facts are relatively simple. Richard DeLong and Ken Birch formed Birch–DeLong Construction Company in 1972 as a joint adventure. In their contract, they agreed to the following term:

> All proceeds received by the joint venture from the sale of any houses or other buildings shall be deposited in a bank as the parties mutually decide and shall be disbursed only on mutual agreement or authorization.

Initially, Mr. Birch and Mr. DeLong signed all checks. After 2 years, however, Mr. Birch took over all business accounting and disbursed funds solely on his signature. Mr. DeLong agreed to this change because it was inconvenient for him to find time to sign the checks.

The business began well, but in 1979 fell on hard times. The partnership borrowed $60,000 to weather the recession; about 1980, Mr. DeLong began to question disbursements. He received copies of bills and checks and realized Mr. Birch was paying some personal expenses out of partnership funds. Mr. DeLong had not given Mr. Birch permission to disburse these funds. Mr. Birch admitted making these payments.

In May of 1981, the partnership filed bankruptcy. In September of 1981, Mr. DeLong reported the disbursement problems to the State. On May 21, 1982, three counts of first degree theft and one count of second degree theft were filed against Mr. Birch.

After the State presented its evidence, the trial court granted a motion to dismiss. The State appealed.

The State's contentions can be divided into two parts. First, the State asserts other jurisdictions have reinterpreted the "property . . . of another" language in the definition of theft to mean property in which another partner has an interest rather than "property . . . *wholly* of another". *See, e.g., People v. Pedersen,* 86 Cal. App. 3d 987, 150 Cal. Rptr. 577 (1978); *People v. Sobiek,* 30 Cal. App. 3d 458, 464, 106 Cal. Rptr. 519, 82 A.L.R.3d 804, *cert. denied,* 414 U.S. 855, 38 L. Ed. 2d 104, 94 S. Ct. 155 (1973). *See* Model Penal Code § 223.0(7), at 163 (Proposed Official

Draft, 1962).

*Eberhart* held a partner cannot be prosecuted for use of partnership property because the theft statute requires the theft be of property of another.

> The title to partnership property cannot be said to be in another because each partner is the ultimate owner of an undivided interest in all the partnership property, and none of such property can be said, with reference to any partner, "to be the property of another". 9 Ruling Case Law, p. 1281.

*State v. Eberhart, supra* at 225.

Under the common law, each partner "'is the ultimate owner of an undivided interest in all the partnership property, . . .'" and "'is legally entitled to . . . possession, . . .'" *In re Sanders,* 23 Ariz. 20, 23, 201 P. 93, 17 A.L.R. 980, 981 (1921). A partner could therefore misuse partnership property without fear of criminal prosecution.

We decline the State's suggestion that we rely on the California decisions. First, for this court to adopt the State's proposed definition, the court must overrule *Eberhart.* Second, California decisions (and that of most other jurisdictions) are based upon statutes which do not contain language requiring the property to be that of another. *People v. Sobiek, supra,* was partly decided on this ground.

The State next contends the Uniform Partnership Act, adopted in 1945 as RCW 25.04, has changed both the relationship of a partner to the partnership and the relationship of each partner to other partners.

Under both the common law and the Uniform Partnership Act, partnerships are treated both as aggregates of individuals and entities distinct from the people involved in the partnership. *In re Estate of Finkelstein,* 40 Misc. 2d 910, 245 N.Y.S.2d 225 (1963); J. Crane & A. Bromberg, *Partnership* § 3, at 16–25 (1968). At the time *Eberhart* was decided, the common law indicated each partner's interest in the property of a partnership was as a joint tenant. Annot., *Embezzlement by Partner,* 17 A.L.R. 982 (1922). This is an aggregate theory because it does not recognize

the partnership as a separate entity.

The State contends the entity approach is apparent in RCW 25.04.210, which states in pertinent part:

> (1) Every partner must account to the partnership for any benefit, and hold as *trustee* for it any profits derived by him without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use by him of its property.

(Italics ours.)

The "trustee" argument was presented in *State v. Eberhart, supra,* and rejected by the court at pages 224–25:

> The statute,[4] after covering property in the possession, custody or control as bailee, etc., uses the general term: A person authorized by agreement "to take or hold such possession". By the use of the word "such" in this connection, the words which follow it relate back to the possession, custody and control above mentioned, which is that as bailee, etc. In other words, the person who would be guilty under the general clause must have the possession, custody and control as a bailee, factor, pledgee, etc. In all of the enumerated classes mentioned, the title to the property would be in another.

Although RCW 25.04.210 speaks of the partnership as a separate entity, the issue is whether "the title to the property would be in another." The title would not be in another; the statute still retains the aggregate approach under which partners own all partnership property as joint tenants. RCW 25.04.210 is therefore inapplicable. *Contra, State v. Sasso,* 20 N.J. Super. 158, 89 A.2d 489 (1952) (dis-

---

[4]The language in the statute construed in *Eberhart* is almost identical to the definition contained in RCW 9A.56.010(7):

"(7) 'Wrongfully obtains' or 'exerts unauthorized control' means:

"(a) To take the property or services of another; or

"(b) Having any property or services in one's possession, custody or control as bailee, factor, pledgee, servant, attorney, agent, employee, trustee, executor, administrator, guardian, or officer of any person, estate, association, or corporation, or as a public officer, or person authorized by agreement or competent authority to take or hold such possession, custody, or control, to secrete, withhold, or appropriate the same to his own use or to the use of any person other than the true owner or person entitled thereto;"

tinguishable on statutory language).

■ The State contends RCW 25.04.250 imposes limitations upon partners' use of partnership property. RCW 25.04.250 states in pertinent part:

> Nature of a partner's right in specific partnership property. (1) A partner is co–owner with his partners of specific partnership property holding as a tenant in partnership.
>
> (2) The incidents of this tenancy are such that:
>
> (a) A partner, subject to the provisions of this chapter and to any agreement between the partners, has an equal right with his partners to possess specific partnership property for partnership purposes; but he has no right to possess such property for any other purpose without the consent of his partners.

The theory of tenancy in partnership was developed by the draftsman of the Uniform Partnership Act to deal with problems created by the joint tenancy theory. *See* Uniform Partnership Act § 25, 6 U.L.A. 327, Official Comment (Master ed. 1969). Under RCW 25.04.250(2)(c), each partner retains his "right in specific partnership property". The partner's interest, however, is subordinated to partnership use of the property for partnership purposes, and the partner gives up the uncontrolled "right to possess such property for any other purpose without the consent of his partners." The State correctly contends RCW 25.04.250 modifies the definition of property of another as it relates to partnership property.

We are loath to take such a nebulous concept and reduce it, by judicial opinion, to a criminal rule. "[E]xplicit standards are necessary in order to guard against arbitrary enforcement of the laws." *Seattle v. Rice,* 93 Wn.2d 728, 731, 612 P.2d 792 (1980). Otherwise, a citizen does not have fair notice of proscribed conduct.

A statute relating to larceny by a partner was repealed in 1909. *State v. Eberhart, supra* at 224. The statute construed in *Eberhart* remains substantially the same today, even though our Legislature made sweeping revisions in the criminal code in 1976. The Legislature is presumed to be

aware of both *Eberhart* and the adoption of the Uniform Partnership Act. *Woodson v. State,* 95 Wn.2d 257, 623 P.2d 683 (1980); *State v. Turpin,* 94 Wn.2d 820, 620 P.2d 990 (1980). The Legislature had the opportunity, therefore, to make theft of partnership funds a crime if it wished by adding "partners" to the list in RCW 9A.56.010(7)(b). It did not do so. The trial court did not err in dismissing the four theft charges.

We affirm.

GREEN and McINTURFF, JJ., concur.