[No. 24799-2-II.   Division Two.   February 22, 2001.]

THE STATE OF WASHINGTON, *Respondent*, v. ANGEL CORIA, *Appellant*.

52

*Pattie Mhoon*, for appellant (appointed counsel for appeal).

*Gerald A. Horne*, *Prosecuting Attorney*, and *Kathleen Proctor*, *Deputy*, for respondent.

BRIDGEWATER, J. — Angel Coria appeals his convictions for assault and malicious mischief. We affirm the conviction for assault, holding that the admission of Coria's two prior assaults on his wife were admissible to disprove his claim of accidental injury. We reverse the conviction for malicious mischief, holding that co-owned, co-possessed community property does not constitute "property of another" for purposes of the malicious mischief statute.

Coria and his wife went out to a restaurant in Tacoma. After leaving the restaurant, Coria's wife was injured and several items in the Corias' house were damaged. Coria's wife gave two different versions of the events.

On the night of the incident, Coria's wife told a 911 operator, Tacoma Police Officer Haddow, and a doctor that Coria had hit her. After she returned home from the hospital, Coria's wife called for emergency assistance a second time. When Officer Haddow returned, Coria's wife told the officer that she heard Coria banging on the garage door and that she panicked and ran to the neighbor's house. Officer Haddow arrested Coria and observed several pieces of damaged property in their house. Officer Haddow noted damage to the garage door, the interior door handle and lock, microwave, television, hallway mirror, linoleum floor, and a bird cage. Officer Haddow estimated the damage at

$620. Coria's wife later sought a protective order in which she maintained that Coria had assaulted her and was responsible for the property damage.

At trial, Coria's wife recanted and testified that she had made the entire story up to get Coria arrested and put in jail. She explained that she started the fight and attacked Coria in a van. She stated that during the struggle she fell into the van console and injured her face, and that in a temper tantrum she damaged the items in the house after Coria told her he was leaving.

Coria's trial testimony was consistent with his wife's testimony. Coria acknowledged that when his wife tried to bite and kick him in the van that he pushed her away and she fell and hit her head. Coria admitted that he caused the damage to the garage door and the interior door from the garage into the house because after his wife left he was locked out of the house. But Coria denied that he ever hit his wife or that he caused the damage inside the house.

Coria was charged with second degree assault and second degree malicious mischief. During the trial, the court ruled that evidence of Coria's prior domestic violence convictions rebutted the inference that Coria's wife's injuries were accidental. The jury found Coria guilty on the assault and malicious mischief charges.

## I. MALICIOUS MISCHIEF

Coria argues that there was insufficient evidence to establish that he damaged "the property of another" for the offense of malicious mischief. Evidence is sufficient to support a conviction if, viewed in the light most favorable to the prosecution, it permits any rational trier of fact to find guilt beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

The State contends that Coria waived any objection regarding this issue because Coria did not raise it at trial. *See* RAP 2.5. But Coria is not objecting to the admission of the evidence of damage. Rather, Coria argues that proof of

damage to his jointly held property, standing alone, does not provide a sufficient basis to support a conviction for malicious mischief because the offense requires that the property of another be damaged. Thus, because Coria challenges the sufficiency of the evidence, we address whether the State failed to provide sufficient evidence to establish that Coria damaged the property of another for second degree malicious mischief. *State v. Baeza*, 100 Wn.2d 487, 488, 670 P.2d 646 (1983).

RCW 9A.48.080(1)(a) provides that a person is guilty of second degree malicious mischief if he or she knowingly and maliciously "[c]auses physical damage to the property of another in an amount exceeding two hundred fifty dollars[.]"

▮ The issue in this case is whether co-possessed community property in an existing marriage is considered "property of another" under the malicious mischief statute. We consider all of the damaged property to have been community property because it was the State's burden to prove that the property was "property of another" and there is no evidence that any of the property was the separate property of Coria's wife. It is obvious that the State was content to include co-possessed community property within the definition of "property of another."

A. Common Law Definition of "Property of Another"

The Washington malicious mischief statute requires that the relevant property be the "property of another." RCW 9A.48.080. The malicious mischief statute contains no definition of property of another.

In Washington, the common law supplements all penal statutes so long as it is not inconsistent with the Washington Constitution and statutes:

> The provisions of the common law relating to the commission of crime and the punishment thereof, insofar as not inconsistent with the Constitution and statutes of this state, shall supplement all penal statutes of this state and all persons offending against the same shall be tried in the courts of this

state having jurisdiction of the offense.

RCW 9A.04.060. LaFave has discussed the common law definition of "property of another" in the theft context:

> The common law view of larceny is that one co-owner (e.g., a partner, tenant in common, joint tenant) cannot steal from the other co-owner. The modern trend is to provide by statute that it is no defense to larceny that the thief has an interest in the property taken, so long as the other has an interest therein to which the thief is not entitled.

1 WAYNE R. LaFAVE & AUSTIN W. SCOTT, JR., SUBSTANTIVE CRIMINAL LAW § 8.4 at 355 (1986). The Washington legislature has followed this modern trend by enacting a statute providing that a defendant can have a partial interest in the property and still be convicted of theft. The legislature, however, has responded in this way in only one instance.

Theft, as defined by statute, requires that the relevant property be the "property of another."[1] "This does not mean, however, that title must strictly be in the other person." *State v. Joy*, 121 Wn.2d 333, 340, 851 P.2d 654 (1993). RCW 9A.56.010(9) explains the concept of ownership that applies under the theft statutes:

> "Owner" means a person, other than the actor, who has possession of or any other interest in the property or services involved, and without whose consent the actor has no authority to exert control over the property or services[.]

RCW 9A.56.010(9). The Washington Supreme Court has explained that the meaning of the "property of another" element of theft can be derived from this definition of "owner." *Joy*, 121 Wn.2d at 341 (citing *State v. Pike*, 118 Wn.2d 585, 589, 826 P.2d 152 (1992)). In *Pike*, the Supreme Court said: "[T]o constitute the property of another, the item must be one in which another person has an interest, and the defendant may not lawfully exert control over the item absent the permission of that other person." *Pike*, 118 Wn.2d at 590.

---

[1] The elements of theft are: "[t]o wrongfully obtain or exert unauthorized control over the property or services of another or the value thereof, with intent to deprive him of such property or services[.]" RCW 9A.56.020(1)(a).

■■ Generally, therefore, a person cannot steal his or her own property. Such is no doubt true when the property is rightfully under the owner's immediate dominion and control. *Pike,* 118 Wn.2d at 590 (citing *State v. Nelson,* 36 Wash. 126, 128, 78 P. 790 (1904)). "However, even where a person possesses legal title to a given item, theft can occur if that person takes the item from another who has a superior possessory interest. Liens, pledges, and bailments all have the potential to satisfy the theft statute by creating a superior possessory interest in another as against the owner of the item." *Pike,* 118 Wn.2d at 590. This superior possessory interest rule does not apply here because Coria and his wife were living together and co-possessed the damaged community property. *Cf. State v. Webb,* 64 Wn. App. 480, 824 P.2d 1257, *review denied,* 119 Wn.2d 1015 (1992).[2]

In addition to the court-acknowledged superior possessory interest rule, the legislature has added other exceptions to the general concept that a person may not steal his or her own property. Under the theft statutes, the defendant's activity must fall within the definition of "wrongfully obtains or exerts unauthorized control" over the property of another in RCW 9A.56.010(19).[3]

"Wrongfully obtains" or "exerts unauthorized control" means:

(a) To take the property or services of another;

(b) Having any property or services in one's possession, custody or control as bailee, factor, lessee, pledgee, renter, servant, attorney, agent, employee, trustee, executor, administrator, guardian, or officer of any person, estate, association, or

---

[2] Division One of this Court has determined that when spouses are separated, one spouse may have a superior possessory interest in community property. *State v. Webb,* 64 Wn. App. 480, 824 P.2d 1257, *review denied,* 119 Wn.2d 1015 (1992). With such a superior possessory interest, the community property will be considered "property of another" for the malicious mischief statute. *Webb,* 64 Wn. App. at 490. Division One further held that the phrase "property of another" included property co-owned by the defendant. *Webb,* 64 Wn. App. at 491.

[3] Until 1999, this section was numbered as RCW 9A.56.010(7) (1986).

corporation, or as a public officer, or person authorized by agreement or competent authority to take or hold such possession, custody, or control, to secrete, withhold, or appropriate the same to his or her own use or to the use of any person other than the true owner or person entitled thereto; or

(c) Having any property or services in one's possession, custody, or control as partner, to secrete, withhold, or appropriate the same to his or her use or to the use of any person other than the true owner or person entitled thereto, where the use is unauthorized by the partnership agreement.

RCW 9A.56.010(19). Subsection (a) does not provide further definition of property of another. Subsection (b) provides that a person who has possession of property while acting in a certain role, as bailee, lessee, trustee, etc., commits theft when he appropriates that property to his or another's own use. Subsection (c) on theft of partnership assets was not originally part of this statute; it was enacted in response to *State v. Birch*, 36 Wn. App. 405, 675 P.2d 246 (1984).

In *Birch*, Division Three of this Court held that a partner could not be charged with embezzling partnership funds because the partner would not be "exerting unauthorized control over the property of another." *Birch*, 36 Wn. App. at 406. The court stated:

> Under the common law, each partner " 'is the ultimate owner of an undivided interest in all the partnership property, . . .' " and " 'is legally entitled to . . . possession, . . .' " *In re Sanders*, 23 Ariz. 20, 23, 201 P. 93, 17 A.L.R. 980, 981 (1921). A partner could therefore misuse partnership property without fear of criminal prosecution.

*Birch*, 36 Wn. App. at 408. The court based its decision on a Washington Supreme Court case from 1919, *State v. Eberhart*, 106 Wash. 222, 179 P. 853 (1919). In *Eberhart*, the Supreme Court held that:

> *The title to partnership property cannot be said to be in another because each partner is the ultimate owner of an undivided interest in all the partnership property, and none of such property can be said, with reference to any partner, "to be the property of another."* 9 RULING CASE LAW, p. 1281.

. . . .

If it was the legislative intent to include partners in the statute . . . "it is not easy to understand why they were not mentioned, or why the intent was left to be discovered by implication." The rule for the construction of penal statutes is, that they are to reach no further than their words, and a person is not to be made subject to them by implication.

*Eberhart*, 106 Wash. at 225 (emphasis added).

Significantly, *Birch* discussed the changed nature of partners' use of partnership property after Washington adopted the Uniform Partnership Act in 1945 as chapter 25.04 RCW.[4] Under former RCW 25.04.250(2)(c) (1973), *repealed by* LAWS OF 1998, ch. 103, § 1308, each partner retained his "right in specific partnership property." The partner's interest, however, was subordinated to partnership use of the property for partnership purposes, and the partner gave up the uncontrolled "right to possess such property for any other purpose without the consent of his partners." Former RCW 25.04.250(2)(a). The court in *Birch* went so far as to say that change in partnership law "modifie[d] the definition of property of another as it relates to partnership property." *Birch*, 36 Wn. App. at 410. But then the court stated:

> We are loath to take such a nebulous concept and reduce it, by judicial opinion, to a criminal rule. "[E]xplicit standards are necessary in order to guard against arbitrary enforcement of the laws." *Seattle v. Rice*, 93 Wn.2d 728, 731, 612 P.2d 792 (1980). Otherwise, a citizen does not have fair notice of proscribed conduct.

*Birch*, 36 Wn. App. at 410 (alteration in original). *Birch* further stated that a previous statute relating to larceny by a partner was repealed in 1909, and that the legislature was presumed to be aware of both *Eberhart* and the adoption of the Uniform Partnership Act. "The Legislature had the opportunity, therefore, to make theft of partnership

---

[4] The legislature has repealed chapter 25.04 RCW and replaced it with the Revised Uniform Partnership Act, chapter 25.04 RCW. *See* LAWS OF 1998, ch. 103, § 1308 (effective Jan. 1, 1999).

funds a crime if it wished by adding 'partners' to the list in RCW 9A.56.010(7)(b). It did not do so." *Birch*, 36 Wn. App. at 411. After the decision in *Birch*, the legislature amended the embezzlement statute to include theft of partnership funds by a partner. Laws of 1986, ch. 257, § 2; RCW 9A.56.010(19)(c).

■ The development of the term "property of another" in the theft context indicates that community property co-possessed by a defendant spouse is probably not property of another because each spouse has an undivided, fully vested, one-half interest in each item of community property.[5] The theft statute listed the categories of persons who could be guilty of theft, including partners since the 1986 amendments. But this statute did not include the category of spouses or other co-owners with the right of co-possession, thus showing a legislative intent that spouses who co-possess community property are not subject to crimes dealing with the property of another. Similar to the reasoning in *Birch*, we presume the legislature was aware of both the criminalizing of theft of partnership property, *Birch*, 36 Wn. App. at 410-11, and the statutory changes to the status of husband and wife and the rights and obligations associated with community property. *See* RCW 26.16.030, .150; *Freehe v. Freehe*, 81 Wn.2d 183, 500 P.2d 771 (1972), *overruled on other grounds by Brown v. Brown*, 100 Wn.2d 729, 675 P.2d 1207 (1984); *State v. Thornton*, 119 Wn.2d 578, 835 P.2d 216 (1992). The legislature had the opportunity, therefore, to make theft or malicious mischief of co-possessed community property a crime if it wished by including it in a definition as it did for partnership agreements. It did not do so.[6]

---

[5] Under Washington law, "[e]ach spouse has a present, undivided, fully vested, interest in each and every item of community property, and is considered to be a one-half owner thereof." 19 Kenneth W. Weber, Washington Practice: Family and Community Property Law § 8.4 (1997) (citations omitted).

[6] Further, we note that our legislature has not followed other jurisdictions that have adopted the Model Penal Code's definition of property of another, which could have expanded the definition of property of another to include community property. Model Penal Code § 223.0(7) (1974) defines "property of another" as

Thus, because the legislature has changed the common law regarding "property of another" in only one instance, that of theft of partnership assets, the malicious mischief conviction based on co-possessed community property cannot stand.

## B. Lenity

■ ■ We also examine the malicious mischief statute and the term "property of another" using the rule of lenity. If a term is susceptible to two or more reasonable interpretations, the statute is ambiguous. *State v. Sunich*, 76 Wn. App. 202, 206, 884 P.2d 1 (1994); *State v. Garrison*, 46 Wn. App. 52, 54, 728 P.2d 1102 (1986). The rule of lenity requires the court to construe an ambiguous criminal statute favorably to the accused. *In re Post Sentencing Review of Charles*, 135 Wn.2d 239, 249-50, 955 P.2d 798 (1998); *State v. Roberts*, 117 Wn.2d 576, 586, 817 P.2d 855 (1991).

First, from a plain reading of the statute it is impossible to tell whether the legislature meant *"exclusively* the property of another" or *"partially* the property of another." "Property of another" is not defined. Further, the distinct history of Washington's theft statutes regarding "property of another" places the meaning of the same term in the malicious mischief statute in doubt. On this basis alone, the statute is ambiguous, and when the rule of lenity is applied, the conviction for malicious mischief cannot stand.

Second, because malicious mischief statutes have not been routinely used in domestic violence situations, most state courts in other jurisdictions have not interpreted their respective statutes to determine whether a husband can be charged with criminal mischief for destroying jointly owned marital property or community property. *See* Victoria L. Lutz & Cara M. Bonomolo, *My Husband Just Trashed Our Home; What Do You Mean That's Not a Crime?* 48 S.C. L. Rev. 641, 651 (1997). Appellate courts in California, Illinois, and Iowa have held that criminal charges are viable when

property in which another person has an interest which the actor is not privileged to infringe, even though the actor also has an interest in the property.

one spouse damages jointly owned marital property. *See State v. Zeien*, 505 N.W.2d 498, 499 (Iowa 1993); *People v. Kahanic*, 196 Cal. App. 3d 461, 241 Cal. Rptr. 722, 725 (1987); *People v. Schneider*, 139 Ill. App. 3d 222, 487 N.E.2d 379, 380-81 (1985). In all three cases, when interpreting a statute that lacked a precise definition of "property of another" or a similar term, the courts held that the term included any property in which the defendant had anything less than exclusive ownership. *See Zeien*, 505 N.W.2d at 499; *Kahanic*, 241 Cal. Rptr. at 725; *Schneider*, 487 N.E.2d at 380-81. In each of these three instances, the married couple was in the process of dissolution. New York is the only state that has held otherwise in a reported decision. *People v. Person*, 658 N.Y.S.2d 372, 239 A.D.2d 612 (1997). The court in *Person* held that because the husband had an equitable interest in the property, it could not be property of another. These different jurisdictions interpreting "property of another" in different fashions further shows that the phrase is ambiguous and the rule of lenity should apply.

Last, statutory changes and case law regarding married persons' rights do not assist in clearing up any ambiguity in the malicious mischief statute. Each spouse has an equal right to solely manage and control the community estate. RCW 26.16.030. The prohibitions in the statute relate to giving, selling, or encumbering community property. Every married person has "the same right and liberty to acquire, hold, enjoy and dispose of every species of property, and to sue and be sued, as if he or she were unmarried." RCW 26.16.150. The Washington Supreme Court abandoned the concept of the "supposed unity of husband and wife" when it discarded the concept of interspousal immunity, which precluded one spouse from suing the other for a tort committed during coverture. *Freehe*, 81 Wn.2d 183.[7] Thus, a married party could sue for the destruction of their half of community property or have it considered in their dissolu-

---

[7] The Washington Supreme Court expanded the exception to the interspousal incompetency rule and held that one spouse may testify against the other in any criminal action, not just in crimes of personal violence. *Thornton*, 119 Wn.2d 578.

tion. But there is nothing in marital law concepts or statutes that specifically involves the criminal law with respect to damage or destruction of community property.

Whether it should be a crime to destroy property equally co-owned and co-possessed by another is a determination left to the legislature. This state has demonstrated its commitment to dealing with domestic violence,[8] and consideration should be given to criminal intervention with regard to the destruction of property. But, because there is ambiguity in the meaning of the term "property of another," the conviction for malicious mischief is reversed on this ground as well.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

HUNT, A.C.J., and MORGAN, J., concur.

Review granted at 144 Wn.2d 1008 (2001).

---

[8] *See* Domestic Violence Prevention Act, chapter 26.50 RCW.