[No. 7989-1-I.   Division One.   December 1, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. ROGER SCOTT BOYD, *Appellant.*

*Lewis H. Nomura* of *Seattle–King County Public Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Carol Walters, Deputy,* for respondent.

WILLIAMS, J.—Roger Scott Boyd was charged by information with attempted second degree burglary. In a trial to the court with a jury, he was found guilty as charged. On this appeal, he assigns error to the refusal of the trial court to limit the testimony of Police Officer Gregory Klepper. We affirm.

The facts are these. At approximately 4 p.m. on November 5, 1978, in Seattle, Sok No Hyon was resting with his eyes closed in a small office in the back of his grocery store. The office, used for bookkeeping, to keep cash and for other purposes, was not open to the public. Hyon was startled when he heard a squeak and then saw a person, later identified as Boyd, looking in through the door which had been locked. Hyon shouted, in Korean, "who are you?" and chased after Boyd. Boyd and a companion were the only two customers in the store at the time. Boyd's companion was at the check–out stand buying several packages of cigarettes when Mrs. Hyon heard her husband shout. She ran toward Boyd and grabbed him about the same time that Mr. Hyon caught up. A strange pair of pliers was later found at that location in the store. The police were called, bringing Officer Gregory Klepper to investigate.

Officer Klepper saw the pliers and the door jamb which had some fresh pry marks upon it. He compared the pliers with the pry marks and noted that a "waffle" pattern, similar to that on the handles of the pliers, was on the door jamb. Later that day, several close–up photographs were taken of the door jamb by a police department photographer.

In preparing for trial, Boyd asked for the photos of the door jamb, but they had been lost. Boyd contends that the photos were possibly exculpatory and that it was a denial of

due process to allow Officer Klepper to testify as to his comparison of the pry marks and the plier handles when the photos were not produced for trial.

In determining whether the loss of the photographs was a denial of due process, the "pertinent inquiry is whether . . . there was a reasonable possibility that the evidence was material to guilt or innocence and favorable to the defendant." *State v. Pennewell,* 23 Wn. App. 777, 784, 598 P.2d 748 (1979).

> The proper standard of materiality must reflect our overriding concern with the justice of the finding of guilt. Such a finding is permissible only if supported by evidence establishing guilt beyond a reasonable doubt. It necessarily follows that if the omitted evidence creates a reasonable doubt that did not otherwise exist, constitutional error has been committed. This means that the omission must be evaluated in the context of the entire record. If there is no reasonable doubt about guilt whether or not the additional evidence is considered, there is no justification for a new trial. On the other hand, if the verdict is already of questionable validity, additional evidence of relatively minor importance might be sufficient to create a reasonable doubt.

(Footnotes omitted.) *United States v. Agurs,* 427 U.S. 97, 112–13, 49 L. Ed. 2d 342, 96 S. Ct. 2392 (1976).

There were only two customers in the store when the burglary was attempted. Boyd's companion was at the check–out counter at the time the break–in occurred. By elimination, Boyd is the only person who could have forced open the door to the office. Hyon identified Boyd at trial as the person who poked his head into the office. There is no reasonable doubt that Boyd was guilty of attempted burglary and there is no reasonable possibility that the lost evidence is material to that guilt and favorable to Boyd. *See State v. Hall,* 22 Wn. App. 862, 593 P.2d 554 (1979).

The trial court did not err in refusing to grant the motion to limit Officer Klepper's testimony.

The judgment is affirmed.

SWANSON and ANDERSEN, JJ., concur.

Reconsideration denied January 19, 1981.

Review denied by Supreme Court March 27, 1981.