[No. 23702-1-I. Division One. May 21, 1990.]

THE STATE OF WASHINGTON, *Respondent*, v. GUY EARL BAKER, *Appellant*.

---

*Julie A. Kesler* of *Washington Appellate Defender Association,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Michael Taylor, Deputy,* for respondent.

GROSSE, A.C.J.—Guy Earl Baker (Baker) appeals his conviction of first degree manslaughter. He claims the jury instructions did not properly allocate the burden of proof as to the absence of excuse beyond a reasonable doubt to the State. Specifically, he contends (1) the jury was improperly instructed on excusable homicide, (2) the instructions impermissibly shifted the burden of proof both as to the absence of excusable homicide and the absence of recklessness to the defendant, and (3) he was precluded from arguing his theory of the case by the trial court's refusal to give self–defense and resistance–to–felony instructions (justifiable homicide).

Donald Bryant was shot and eventually died as a result of the injury. He was shot by Baker at the end of a day in which Bryant had repeatedly been the aggressor toward, and had picked fights with, his friend Baker. Bryant had been drinking heavily and there was testimony that he was drunk most of the day. It is undisputed that Baker never had the intention to shoot Bryant. The State's theory was that Baker was behaving recklessly when the gun went off. Baker's theory was that the shooting was accidental and

resulted from his acting to defend himself thereby making the death excusable or justifiable.

The events of the day and evening up until the time of the incident need not be repeated in great detail. In short, after a day of drinking, and threats to and assaults on Baker, Bryant returned home with a big stick which he proceeded to use to violently clear everything off the dining table in the house and also used to threaten inhabitants of the house. He demanded to know where Baker was. He was told that Baker was out sleeping in his trailer. Bryant went to the trailer and began hitting it with the stick, rocking it, and trying to get in. Bryant was trying to open the door when Baker opened it from the inside. Bryant hit Baker in the head with the stick. Baker had a gun and fired it three times in the air in an attempt to stop and to warn Bryant. Baker testified the gun was the only thing that Bryant feared and was the only threat that would stop Bryant from continuously pestering him. Baker suggested that Bryant go back to the house and calm down. Bryant said he would, but every time Baker turned to go back into his trailer, Bryant would attack again. Finally, Baker had to escort Bryant back to the house by brandishing the gun. By this time, Baker had taken the stick away from Bryant. Back at the house, Bryant's girl friend was stoking the fire, while a housemate watched television. Once inside the house, another scuffle ensued but Baker stopped it by brandishing the gun. Bryant kept saying he was not afraid of any old popgun, evidently not believing the gun to be real. Baker was tired of fending Bryant off and was shaking the gun at Bryant telling him to leave him (Baker) alone when the gun discharged and Bryant fell to the floor.

Baker immediately went to the next house to call for an ambulance and medical and police assistance. The police took his statement that night, which included his being asked if he was in fear of being hurt by Bryant at the time of the incident. His answer was that he was never afraid of Bryant.

■ Baker challenges the wording of instruction 6.[1] The excusable homicide statute does contain different language[2] than that used in the instruction. The challenge to the wording of the instruction concerns the court's modification of the scope of excuse from that of requiring proof of a lack of criminal negligence or unlawful intent to one requiring only the absence of recklessness. However, in taking exception to the instruction, defense counsel's argument was to that aspect of the instruction which he felt eliminated the element of the burden of proof on the absence of excuse. Counsel specifically did not except to any other modification. Thus, this error was waived.

■■ Even if the defendant could challenge the instruction, the trial court did not commit error. A trial court has considerable discretion in wording instructions. If the instructions are readily understood and not misleading to the ordinary mind, and if counsel may satisfactorily argue his theory to the jury, the instructions are sufficient. *State v. Alexander,* 7 Wn. App. 329, 499 P.2d 263 (1972). *See also State v. Hall,* 22 Wn. App. 862, 865, 593 P.2d 554 (1979). Here, although the challenged instruction included the "reckless" element of the crime of manslaughter in the first degree in relation to the defense of excuse, the effect of the modification was to expand the defense of excusable homicide in the defendant's favor. Therefore, as long as the burden of proof was properly placed on the State, there was no error.

Baker excepted to instruction 6 because he claimed it shifted the burden of proof as to absence of recklessness

[1]Instruction 6 read as follows: "It is a defense to a charge of manslaughter that the homicide was excusable as defined in this instruction.

"Manslaughter is excusable when committed by accident or misfortune in doing any lawful act by lawful means *without recklessness.*" (Italics ours.)

[2]RCW 9A.16.030 provides: "Homicide is excusable when committed by accident or misfortune in doing any lawful act by lawful means, without criminal negligence, or without any unlawful intent."

or excuse to him. He proposed the following alternative instruction:

> It is a defense to a charge of manslaughter that the homicide was excusable as defined in this instruction.
>
> Homicide is excusable when committed by accident or misfortune in doing any lawful act by lawful means, without criminal negligence, or without any unlawful intent.
>
> *The State has the burden of proving the absence of excuse beyond a reasonable doubt.*

(Italics ours.)

The parties agree that the State bears the burden of proving absence of excuse. The parties diverge because the State argues that the instructions when read as a whole properly allocate the burden to the State. Baker argues that under *State v. Acosta,* 101 Wn.2d 612, 683 P.2d 1069 (1984), the trial court's instructions did not adequately inform the jury that the State's burden of proof, beyond a reasonable doubt, applied to the defense of excusable homicide.

In general, a specific instruction allocating the burden of proof for excusable homicide is not necessary.

> Because [the justifiable homicide statute] requires an unjustifiable homicide which is not criminal to be excusable, the statutory definition of excusable homicide is merely a descriptive guide to the general characteristics of a homicide which is neither murder nor manslaughter. The characteristics of excuse do not have to be independently proved or found.

*State v. Burt,* 94 Wn.2d 108, 110, 614 P.2d 654 (1980), *modified in State v. McCullum,* 98 Wn.2d 484, 656 P.2d 1064 (1983).

Excusable homicide was defined in instruction 6 as having to be without recklessness. Therefore, if the State proved recklessness then a lack of excuse was also proved. Stated differently, if the State proved recklessness it necessarily proved the absence of excuse. Conversely, if the prosecution did not prove beyond a reasonable doubt that the defendant acted with recklessness then the jury would have found the homicide to be excusable without any further consideration of the statutory definition of excusable homicide.

██ Jury instructions are sufficient if they permit the defense counsel's theory of the case to be satisfactorily argued to the jury. *State v. King*, 92 Wn.2d 541, 546, 599 P.2d 522 (1979). Baker claimed the homicide was excusable as an accident and that the prosecution bore the burden of proving recklessness beyond a reasonable doubt. He claims that the instructions did not make this clear. We disagree. Instruction 4 which defines manslaughter in the first degree and instruction 5, the "to convict" instruction, clearly indicate that the State must prove that Baker recklessly caused the death or acted with recklessness in order to convict him of the crime of first degree manslaughter. When read together as a whole, the instructions indicate that once the State proved recklessness it had necessarily proved that the defense of excuse was no longer available to the defendant. Therefore, the challenged instruction, although it could have been better had the burden language been added, was not error when considered with the other instructions.

Finally, Baker contends the trial court committed reversible error by refusing to give either of the defense instructions on justifiable homicide. The fatal flaw in this argument is that the theory of the defendant's case was never that he intentionally shot Bryant. Although the case was postured with a self–defense tone, as Bryant had been the aggressor the entire day, the statement and testimony of the defendant and the actual defense posture of the case was that the shooting was an accident and there was never any intent to shoot or kill Bryant. Additionally, even the eyewitness to the shooting indicated she was not afraid that Bryant would harm any of the people at the scene, nor was she in fear of imminent danger.

 A trial court need not submit a possible defense to the trier of fact in a criminal case when it is not supported by the evidence. *State v. Kerr*, 14 Wn. App. 584, 587, 544 P.2d 38 (1975). When a trial court determines that there is no evidence to support a finding of justifiable homicide it may remove the issue from the jury's consideration.

Justifiable homicide implies an *intentional* act of killing which is, nevertheless, justified by exigent circumstances enumerated by statute. *State v. Clarke,* 61 Wn.2d 138, 377 P.2d 449 (1962).

*Kerr,* at 587. The *Kerr* court went on to point out that under the facts of that case the defendant insisted repeatedly that he did not intend to shoot, much less to kill, the victim—that it was an accident. It was apparent that the defendant was not relying on a defense that he *intentionally killed* the victim and was justified in doing so. Rather, he contended that the victim's death was caused by accident or misfortune and therefore *excused. See also State v. Stone,* 24 Wn. App. 270, 274, 600 P.2d 677 (1979). The same is true in the case before us. The trial court properly removed the defense of justifiable homicide either as self-defense or as resistance to an attempt to commit a felony upon the slayer.

Additionally, Baker was able to argue a self-defense theory under instructions 8, 9, and 10. These instructions dealt with the defense to manslaughter with the use of lawful force. However, as there was no evidence of an *intentional* killing, an additional instruction on justifiable homicide, self-defense, or resisting an attempt to commit a felony was not necessary. The trial court did not err.

The decision of the trial court is affirmed.

SWANSON and PEKELIS, JJ., concur.

Reconsideration denied October 2, 1990.

Review denied at 115 Wn.2d 1018 (1990).