Joseph Felice **BURGE**, Petitioner-Appellant,

v.

**W. J. ESTELLE**, Director, Texas Department of Corrections, Respondent-Appellee.

No. 74–1134.

United States Court of Appeals, Fifth Circuit.

July 5, 1974.

Linda N. Coffee, Dallas, Tex., for petitioner-appellant.

Dunklin Sullivan, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before GOLDBERG, GODBOLD and MORGAN, Circuit Judges.

PER CURIAM:

Appellant was convicted in Texas state court of burglary with intent to rape. After exhausting state remedies he sought federal habeas corpus which was denied without evidentiary hearing and he appeals therefrom. We affirm.

At a time when appellant was in jail police officers from Texas went to Tulsa, Oklahoma, where, with local officers and without a search warrant, they en-

tered and searched the residence of appellant and found strongly incriminating evidence that was introduced at appellant's trial. The trial court conducted a motion to suppress hearing at which one of the Texas officers testified that appellant's wife consented to the search, accompanied them to the residence of which she too was an occupant, and assisted in the search. After the search began, with the wife assisting, she asked if she could call an attorney, she used the telephone, and then resumed her assistance. No evidence was offered by the defense at the suppression hearing tending to show that the wife did not consent or that her consent was not voluntary.

■ We have examined the record of the motion hearing and we think the testimony adequately supported a finding of voluntary consent by the wife. We, therefore, reject the claim of appellant that the federal habeas court was required to conduct an evidentiary hearing at which appellant would have the opportunity to offer the testimony of his [former] wife.

■ The wife's consent validated the search under usual federal standards. However, appellant represents that under Oklahoma state law as of the time of the search,[1] a warrantless search was not validated by a spouse's consent. Under Texas standards consent of a spouse suffices. Appellant urges that if local rules of the place where a search occurred render the search not valid it is perforce unreasonable in the federal constitutional sense. See Traynor, Mapp v. Ohio at Large in the Fifty States, Duke L.J. 319, 328 (1962):

> It is reasonable to assume that there will be appropriate local rules even though they may not be symmetric with the federal ones . . . local rules can serve well as an immediate deterrent to lawless action. They will have constitutional sanction, for whatever action is illegal is perforce unreasonable.

The argument that what is "illegal" necessarily must be "unreasonable," has surface appeal but unduly emphasizes semantics. And, in any event, the matter is not solved quite so easily. Texas as the forum state may choose its own standards for determining the admissibility of evidence so long as minimum federal constitutional standards are honored. In determining the admissibility in federal court of the products of state search and seizure the controlling law is federal, United States v. Melancon, 462 F.2d 82 (CA5), cert. denied, 409 U.S. 1038, 93 S.Ct. 516, 34 L.Ed.2d 487 (1972); United States v. Alberty, 448 F.2d 706 (CA10, 1971). In that context we have implicitly not accepted the concept expressed by Justice Traynor that more stringent state standards apply. In the instant case the evidence was introduced in a state case. The federal standard is relevant because it measures the outer limits of what Texas constitutionally may do. But in both situations —where rules of the forum state are sought to be imported into the federal law as applied in the federal courts in that state (*Melancon* and *Alberty*), and where rules of a non-forum state are sought to be imported into the federal law as applied in federal courts which are passing on the constitutionality of state court judgments of the forum state —the concern is the same, that is, "what are the outer limits of permissible conduct as measured by the federal constitution?" We note also that the issue comes up in this case in a habeas context, where the power of the federal court arises from alleged impingement upon the national constitution.

■ A more strict local rule may serve as a deterrent to lawless action. But it does not follow that Oklahoma's choice of a deterrent must be imposed upon the State of Texas to trigger application of the exclusionary rule via a nexus of federal constitutional law.

The law of search and seizure already is confusing and generally unsatisfac-

---

1. Citing Simmons v. State, 94 Okl.Cr. 18, 229 P.2d 615.

tory. See *Coolidge v. New Hampshire*, 403 U.S. 443, 490, 91 S.Ct. 2022, 2050, 29 L.Ed.2d 564, 597 (1971) (Harlan, J., concurring). It would be a disservice to add to it a concept that, even in the limited area of the law represented by this case, creates a nonuniform federal standard.

The contention that the wife's consent, even if voluntary, could not extend to a search of his effects not in plain view, is answered by *United States v. Matlock*, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974).

Affirmed.