Charles T. SCARBOROUGH,
Petitioner-Appellant,

v.

J. C. KELLUM, in his capacity as
Sheriff of Oktibbeha County,
Respondent-Appellee.

No. 75–1523.

United States Court of Appeals,
Fifth Circuit.

Jan. 7, 1976.

Charles T. Scarborough, pro se.

Timmie Hancock, Sp. Asst. Atty. Gen., A. F. Summer, Atty. Gen., Jackson, Miss., for respondent-appellee.

Before GEWIN, COLEMAN and GEE, Circuit Judges.

GEE, Circuit Judge:

██ Charles Scarborough appeals pro se from the district court's denial of his

petition for writ of habeas corpus[1] challenging a Mississippi conviction for driving while intoxicated. Finding no constitutional infirmity in his conviction, we affirm.[2]

Scarborough advances five grounds for issuance of the writ. He contends that he was deprived of due process because: (1) the police, by holding him incommunicado in the county jail, denied him a potentially exculpatory sobriety test; (2) our district court improperly refused to presume correct the state court factfindings; (3) the prosecution conspired to suppress evidence by releasing before expiration of sentence a cellmate who had witnessed Scarborough's condition shortly after the arrest; (4) petitioner's attorney in state court, by refusing to raise the incommunicado detention and suppression of evidence issues, failed to provide adequate legal representation; and (5) the Mississippi Supreme Court, after announcing a new constitutional rule requiring sobriety tests in certain circumstances, gave it purely prospective application so as to deny him its benefit.

██ The police detained Scarborough in jail overnight, rejecting his repeated demands for a sobriety test and personal access to a telephone. Although, under a police policy intended to prevent abuse of equipment, DWI arrestees were not permitted personal access to a phone, the arresting officer offered to place a call for Scarborough,[3] but this

1. *Scarborough v. Kellum,* 386 F.Supp. 1360 (N.D.Miss.1975).

2. We reject the government's argument that expiration of Scarborough's sentence during the pendency of this appeal moots his case, because the government failed to prove that Scarborough cannot possibly suffer any collateral legal consequences based on the challenged conviction. *See Sibron v. New York,* 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); *Murray v. Wainwright,* 450 F.2d 465, 468 n. 2 (5th Cir. 1971). Possible application of a second-offense penalty is an obvious example.

3. Evidence of the policeman's offer first surfaced in an evidentiary hearing ordered by the lower court to make additional findings on, *inter alia,* the adequate representation issue.

A specific complaint here was failure by counsel to assert incommunicado detention. Other direct complaints of denial of a call were somewhat ambiguously asserted by Scarborough. Scarborough complains that by overturning a state court finding of incommunicado detention based on evidence adduced at a hearing called to clarify different issues, the lower court deprived him of an opportunity to deny receiving the offer. We conclude, however, after a careful examination of Scarborough's voluminous pleadings in the habeas action and of the magistrate's adopted order recommending the evidentiary hearing, that the question of whether Scarborough was in fact detained incommunicado in any manner was sufficiently raised and joined in all its aspects that he cannot now be heard to complain of unconstitutionally unfair surprise.

was rejected by Scarborough. Scarborough claims the right to a sobriety test at police expense, or, alternatively, the right to call for one shortly after incarceration. But in this circuit the police need not make a sobriety test available at state expense or even inform an arrestee of his right to finance his own. *Capler v. City of Greenville,* 422 F.2d 299 (5th Cir. 1970). And, at least when the police have good reason to deny a particular DWI arrestee personal access to a telephone, a rejected offer to call anyone in the prisoner's behalf satisfies the due process standards of *Betts v. Brady,* 316 U.S. 455, 462, 62 S.Ct. 1252, 86 L.Ed. 1595 (1942) (police conduct must not deny fundamental fairness), and *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (police suppression of evidence favorable to defendant denies due process).

 Scarborough's other four contentions are meritless. First, the lower court properly refused to presume correct certain written state court findings and ordered an evidentiary hearing only after "it . . . appear[ed] . . . that the material facts were not adequately developed at the state court hearing . . . ." 28 U.S.C. § 2254(d)(3) (1970). Second, the record supports the lower court finding that Scarborough failed to prove[4] that the prosecution suppressed evidence. Third, we uphold the district court's holding concerning Scarborough's legal representation in state court since the attorney's performance satisfied this circuit's standard of "reasonably effective assistance." *See Herring v. Estelle,* 491 F.2d 125 (5th Cir. 1974). *See also Fitzgerald v. Estelle,* 505 F.2d 1334, 1336–37 (5th Cir. 1975) (en banc). Finally, we do not reach the constitutional implications of the prospectivity of the Mississippi Supreme Court's decision because that court held, in the alternative, that Scarborough failed to satisfy two elements of

the test and thus would not have met it even had it been retrospectively instituted. *See Scarborough v. State,* 261 So.2d 475 at 479.

Affirmed.

---

4. We disregard the sworn statement in Scarborough's brief since affidavits outside the record cannot be considered. *Smith v. United States,* 343 F.2d 539, 541 (5th Cir.), *cert. denied,* 382 U.S. 861, 86 S.Ct. 122, 15 L.Ed.2d 99 (1965).