[No. 46969. En Banc. December 11, 1980.]

THE STATE OF WASHINGTON, *Respondent*, v. VIRGINIA L. TURPIN, *Petitioner*.

*Ronald B. Webster,* for petitioner.

*Ronald R. Carpenter, Prosecuting Attorney,* for respondent.

HOROWITZ, J.—Defendant Virginia Turpin's automobile crossed the center line on State Highway 195 south of Colton and collided with another vehicle at approximately 9:30 p.m. on August 8, 1977. The driver of the other car died in the crash. State Highway Patrol Sergeant Brackin arrived at the scene at 10:25 p.m. In extricating defendant from her vehicle, in which she was pinned, Sergeant Brackin smelled alcohol on her breath.

Defendant was taken to a hospital in Pullman with multiple injuries. Sergeant Brackin, after interviewing witnesses at the scene, went to the Pullman hospital emergency room. Ms. Turpin was being treated for a broken jaw, but she was alert, responsive, and able to understand verbal communications. Sergeant Brackin did not,

however, speak with her. He testified that Ms. Turpin appeared to be in a great deal of pain, that he was uncertain of her physical and emotional condition, and that he did not wish to upset the injured woman by speaking with her. Instead, he told the doctor and nurse treating Ms. Turpin that she was under arrest for negligent homicide. He had the nurse draw a blood sample from Ms. Turpin in order to determine the alcohol content of her blood. Sergeant Brackin at no time told Ms. Turpin that she was under arrest, that a blood alcohol sample was to be taken, or that she had the right to have independent blood tests performed. Ms. Turpin first found out that a blood alcohol sample had been taken 3 days later, when another state trooper interviewed her at the hospital.

Ms. Turpin was subsequently charged with negligent homicide. RCW 46.61.520. She moved to suppress the results of the blood alcohol test either because she had not been under arrest at the time the sample was taken, or because any arrest away from the scene of the accident was illegal, or finally because she had not been advised of her right under RCW 46.20.308(1)[1] to have independent tests performed. The motion was denied and the test results were admitted. Defendant was convicted of the offense of negligent homicide. The Court of Appeals affirmed, finding that Ms. Turpin's warrantless arrest and the taking of the blood sample did not violate her statutory rights. Judge McInturff dissented solely on the ground that the officer had failed to apprise Ms. Turpin of her right to independent testing.

Defendant's petition for review to this court was granted only on the third issue regarding the duty to inform her of the right to additional independent testing. The Court of Appeals decision that evidence of the State's blood alcohol test need not be suppressed was based on *State v. Carranza*, 24 Wn. App. 311, 600 P.2d 701 (1979). *Carranza*

---

[1]RCW 46.20.308(1) has been amended twice since 1977. However, the amendments did not affect the language of the statute which we consider in this case.

held that the "independent testing" disclosure required by RCW 46.20.308(1) is not *constitutionally* mandated when the defendant is arrested for negligent homicide. The State has not argued that any general exemption for disclosure should be created in this case because of Ms. Turpin's physical or emotional condition at the time the State's blood sample was drawn. Thus, we must consider only whether an individual arrested for negligent homicide must be apprised of her right to have additional blood tests performed. Answering the question in the affirmative, we must reverse Ms. Turpin's conviction and remand the cause for a new trial consistent with our reasoning set forth below.

*Carranza* is not controlling in this case because it considered only the constitutional right to be apprised of independent testing. In *Carranza*, the defendant had failed to object to admission of state blood alcohol tests at trial and thus was limited on appeal to asserting violation of his constitutional rights to notice. The court never stated that disclosure is not required by statute, but instead noted only that

> Although it may be preferable to tell a driver who has been arrested for negligent homicide that he has the right to have additional tests, the lack of such information does not rise to the level of a *constitutional* denial of due process.

(Italics ours.) *State v. Carranza, supra* at 315. Thus, the *Carranza* court concluded that "Carranza had no *constitutional* right to notice that he had the right to additional tests." (Italics ours.) *State v. Carranza, supra* at 316.

Ms. Turpin, however, asserts a *statutory* right to notice under RCW 46.20.308(1). RCW 46.20.308(1) provides:

> Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent, subject to the provisions of RCW 46.61.506, to a chemical test or tests of his breath or blood . . . [The arresting] officer shall inform the person of his right to refuse the test, and of his right to have additional tests administered by any qualified person of his choosing as provided in RCW 46.61.506.

The portion of the statute especially relevant to the instant action provides, however:

> That if an individual is under arrest for the crime of negligent homicide . . . a breath or blood test may be administered without the consent of the individual so arrested.

As noted by the court in *Carranza,* this language was added to the informed consent statute after the courts of this state had ruled that the failure to inform the defendant of the right to revoke consent or to independent testing would result in exclusion of the blood alcohol test results. *State v. Wetherell,* 82 Wn.2d 865, 514 P.2d 1069 (1973); *State v. Krieg,* 7 Wn. App. 20, 497 P.2d 621 (1972).

The legislature is presumed to be aware of court interpretation of its earlier enactments, *State v. Fenter,* 89 Wn.2d 57, 62, 569 P.2d 67 (1977), and thus it can be presumed that the legislature intended to change the law through amendment of RCW 46.20.308(1). The State argues that the amendment means that there is no longer any reason to apprise a negligent homicide defendant of the right to independent testing because she has no right to refuse the *State's* test.

Statutory interpretation of the sort suggested by the State is necessary only when the language of a statute is ambiguous. *Vita Food Prods., Inc. v. State,* 91 Wn.2d 132, 134, 587 P.2d 535 (1978). A reading of RCW 46.20.308 demonstrates there is no uncertainty with which the disclosure limits suggested by the State can, however, be reconciled. From the fact that the defendant cannot object to *State* testing it does not inexorably, or even logically, follow that the defendant must also be kept ignorant of his right to *independent* testing. The statute itself merely states that the State may administer its test without consent; it in no way implies that the right to independent testing or the right to be aware of independent testing is thereby lost. The requirement that the "officer . . . inform the person . . . of his right to have additional tests" is based on the

*independent* statutory right to additional testing found in RCW 46.61.506(5):

> The person tested [by the State] may have a . . . qualified person of his own choosing administer a chemical test or tests in addition to any administered at the direction of a law enforcement officer.

The provisions of RCW 46.20.308(1) are explicitly "subject to the provisions of RCW 46.61.506", including this right to independent testing.

Retaining the independent duty to inform of the right to additional testing is not inconsistent with any intent to change the law after *Wetherell* and *Krieg*. Both of those cases involved defendants that had been apprised of neither the right to refuse the test, which existed for negligent homicide defendants before 1975 but which was abrogated by the statutory provision considered here, *nor* the right to independent testing. The right to refuse was indubitably lost to defendant through the 1975 statutory amendment of RCW 46.20.308(1), and the negligent homicide defendant thus need not be informed of the right to refuse. The holdings of *Wetherell* and *Krieg* are thus limited by the legislation. But it must be presumed that this limiting provision of RCW 46.20.308 applies only to that portion of the statute to which it is directed. The amendment does not affect the duty to inform of the independently established right to additional testing found in RCW 46.61.506(5):

> Provisos operate as limitations upon or exceptions to the general terms of the statute to which they are appended and as such, generally, should be strictly construed with any doubt to be resolved in favor of the general provisions, rather than the exceptions.

*State v. Wright*, 84 Wn.2d 645, 652, 529 P.2d 453 (1974). Had the legislature intended to affect the right to be apprised of independent testing they could have so provided in amending the statute, as they did in explicitly stating that "the provisions of subsections 2 through 6 of [RCW 46.20.308] shall not apply" to a negligent homicide defendant. RCW 46.20.308(1).

The right to be informed of independent testing is not lost merely because the defendant is charged with negligent homicide, a more serious crime than driving while under the influence. It is in just such cases that the need to protect the defendant's right to proof is most important. The transiency of the defendant's allegedly intoxicated condition is an important factor in negligent homicide cases, since evidence which can help prove or disprove the charge will disappear within a relatively short time. In addition, as noted by Judge McInturff in his dissent to *Carranza*:

> When a chemical test to determine blood alcohol content is made . . . the issue of the accuracy of the testing procedures immediately arises. The purpose underlying the defendant's right to have additional tests taken thus becomes obvious: "[T]hat he may have his own tests made if he fears the accuracy or fairness of the test to be given by law enforcement officers." *State v. Richardson*, 81 Wn.2d 111, 116, 499 P.2d 1264 (1972).

*State v. Carranza, supra* at 318 (McInturff, J., dissenting).

The defendant should have been apprised of the right to independent testing, regardless that she lost the right to revoke her consent to *State* testing when she was arrested for negligent homicide:

> [E]ven though the defendant's consent to take the chemical tests for intoxication was unnecessary under the circumstances, he should have been advised of his right to have additional tests taken by a qualified person of his own choosing. Thus, not knowing of his right to have additional tests was a denial of the opportunity to procure a blood test on the charge of negligent homicide and prevented the accused from obtaining evidence necessary to his defense.

*State v. Carranza, supra* at 320–21 (McInturff, J., dissenting).

█ The State cannot be allowed to use evidence which the defendant is unable to rebut because she was not apprised of her right to independent testing. Evidence obtained unlawfully is excluded, *State v. Miles*, 29 Wn.2d 921, 190 P.2d 740 (1948), and the taking of Ms. Turpin's

blood without informing her of her right to seek alternative testing violated RCW 46.20.308(1). Exclusion is the appropriate remedy for violation of defendant's statutory rights.

Because of our holding, we do not consider defendant's right to counsel arguments, which were raised for the first time in oral argument before this court. We instead shall reverse defendant's conviction and remand the case for a new trial in which evidence of the blood alcohol test taken by the State without informing defendant of her right to independent testing under RCW 46.61.506(5) shall be excluded. Defendant can raise other objections to trial in that remand.

It is so ordered.

UTTER, C.J., and ROSELLINI, STAFFORD, BRACHTENBACH, DOLLIVER, HICKS, and WILLIAMS, JJ., concur.

Reconsideration denied January 14, 1981.