[No. 4668–II.   Division Two.   March 11, 1982.]

The State of Washington, *Respondent,* v. James E. Holcomb, *Appellant.*

*Fred D. Gentry,* for appellant.

*Patrick D. Sutherland, Prosecuting Attorney,* and *John S. Bumford, Deputy,* for respondent.

PETRICH, J.—James E. Holcomb appeals his conviction of three counts of negligent homicide. In his appeal he contends that the results of his blood alcohol test were improperly admitted, because he was not advised of his right to have additional tests administered by a qualified person of his choosing. He also contends the court improperly instructed the jury on presumption of recklessness. We agree that the blood alcohol test was improperly admitted, and therefore reverse and remand for a new trial.

Defendant's pickup truck collided with another vehicle while traveling on Highway 101 near Olympia, Washington, on April 15, 1979, at approximately 5 a.m. Three people located near or in the other vehicle, which was apparently parked on the shoulder, died in the accident. Three officers, who arrived on the scene, could smell alcohol on defendant's breath. Defendant was placed under arrest at the accident scene and was read his *Miranda* rights. Officer Pugh accompanied the defendant to the hospital where he advised him of his *Miranda* rights, and read the following warning:

> As a result of a motor vehicle collision, you are under arrest for negligent homicide. A blood test will be administered to determine the amount of alcohol and/or drugs in your blood. I am asking you to consent to this test. However, I must advise you that because of the nature of the arrest, according to the law, a blood test can be administered without your consent.

It is undisputed that defendant was not advised of his right to have additional blood alcohol tests performed. Defendant consented to the blood alcohol test, manifesting

his consent by signing a consent form. Defendant moved to suppress the results of the blood alcohol test because either he was not advised of his right to have additional tests performed, or because the test was taken incident to an arrest lacking probable cause. The motion was denied and the test results were admitted.

We first consider the officer's failure to advise defendant of his right to have additional blood tests performed. The relevant statutes concerning the right to independent tests are found at RCW 46.20.308(1) and RCW 46.61.506(5).[1] RCW 46.20.308(1) provided in part:

Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent, subject to the provisions of RCW 46.61-.506, to a chemical test or tests of his breath or blood for the purpose of determining the alcoholic content of his blood if arrested . . . Such officer shall inform the person of his right to refuse the test, and of his right to have additional tests administered by any qualified person of his choosing as provided in RCW 46.61.506. . . . *Provided,* That if an individual is under arrest for the crime of negligent homicide by motor vehicle as provided in RCW 46.61.520, or if an individual is under arrest for the crime of driving while under the influence of intoxicating liquor or drugs as provided in RCW 46.61.502, which arrest results from an accident in which another person has been injured and there is a reasonable likelihood that such other person may die as a result of injuries sustained in the accident, a breath or blood test may be administered without the consent of the individual so arrested.

RCW 46.61.506(5) provided in part:

The person tested may have a physician, or a qualified technician, chemist, registered nurse, or other qualified person of his own choosing administer a chemical test or tests in addition to any administered at the direction of a

---

[1] RCW 46.20.308 has been amended by Laws of 1979, 1st Ex. Sess., ch. 136, § 59 and Laws of 1979, 1st Ex. Sess., ch. 176, § 3, and reenacted in Laws of 1981, ch. 260, § 11. RCW 46.61.506 has been amended by Laws of 1979, 1st Ex. Sess., ch. 176, § 5. The blood alcohol test was taken in April 1979, before the amendments took effect. The amendments would not change the results reached herein.

law enforcement officer.

In *State v. Turpin,* 94 Wn.2d 820, 620 P.2d 990 (1980), the court interpreted these provisions to mean that even when charged with negligent homicide, a defendant must be informed of his right to have independent tests performed although a blood test may be taken without his consent. *State v. Turpin, supra,* is controlling in the instant case. Defendant here was not advised of the right to independent tests. This being a violation of defendant's statutory right, exclusion of the blood alcohol test was the proper remedy. *State v. Turpin, supra.*[2]

The State argues that because defendant consented to the blood alcohol test, it was not required to apprise him of his statutory right, relying on *State v. Wetherell,* 82 Wn.2d 865, 514 P.2d 1069 (1973). We do not agree. Pursuant to RCW 46.20.308, a blood test can be taken from a person under arrest for negligent homicide, regardless of whether he consents to the test. Voluntarily consenting to a blood test after arrest does not amount to a choice by the defendant to forgo the procurement of tests which he does not know he has the right to obtain, and which may be necessary to his defense. *Cf. State v. Turpin, supra.* Failure to advise defendant of his right to have additional tests performed requires reversal.

*State v. Wetherell, supra,* does not lead to a different result. There the court below suppressed the results of a Breathalyzer test which had been consented to by the defendant, then not under arrest, because he had not been given the warnings required by RCW 46.20.308(1). On appeal the suppression was reversed, the court reasoning that the requirements of the implied consent law were inoperable absent an arrest. *State v. Wetherell, supra.* The case was decided before 1975, when, under the statute, a defendant arrested for negligent homicide could refuse a

---

[2]Our decision is grounded solely on the violation of the defendant's statutory rights and not on any claimed violation of the constitution of the United States or the state.

test. The issue presented by the instant appeal was not before the court in *State v. Wetherell, supra.*

Because of our holding we do not reach the question of whether the blood tests were obtained as incident to an unlawful arrest.

We do wish to comment on defendant's assignment of error claiming the presumption in instruction No. 7 does not meet the 3-prong test articulated in *State v. Roberts,* 88 Wn.2d 337, 562 P.2d 1259 (1977). The court instructed:

> If you find under the circumstances of this case that the defendant operated his vehicle materially in excess of the maximum lawful speed at the point of operation there gives rise to a presumption that the vehicle was operated in a reckless manner.
>
> This presumption is not binding upon you and it is for you to determine what weight, if any, such presumption is to be given.

The defendant excepted on the grounds the presumed fact of recklessness did not follow from the proven facts, and the instruction did not notify the jury it was not bound by the presumption, or that even if unrefuted, the burden of proof remained on the State. Defendant argues on appeal that the presumed fact of recklessness did not follow from the proven facts.

Because we reverse on inadequate warnings we do not reach the merits of this claim. Furthermore, the partial report of proceedings does not provide an adequate record of the trial to enable us to review this question. We do caution, however, that the instruction appears vulnerable to a challenge under *State v. Roberts, supra,* and *State v. Savage,* 94 Wn.2d 569, 618 P.2d 82 (1980).

■ A presumption instruction must explain the nature and operation of the instruction to the jury. The jury must be instructed that the presumption is not binding upon the jury even though the fact to be presumed is unrefuted by the defendant, and that the State must still sustain the burden of proving the defendant's guilt beyond a reasonable doubt. *State v. Roberts, supra, State v. Savage, supra,*

and the cases cited therein.

The instruction does not clearly set out the State's continuing burden. It does not advise the jury it is free to reject the presumption even if defendant does not produce evidence to controvert the presumed fact. If the instruction is requested and given in the future, these deficiencies should be remedied.

Reverse and remand.

REED, C.J., and MUNSON, J., concur.