**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Bruce FRIEND, Defendant–Appellant.**

**Crim. A. No. CR89–415A.**

United States District Court, N.D. Georgia, Atlanta Division.

May 18, 1990.

R.C. Cougill, Lilburn, Ga., for defendant-appellant.

Beverly Sumner, Atlanta, Ga., for the U.S.

## ORDER

SHOOB, District Judge.

Defendant–Appellant Bruce Friend ("Friend") appeals from the denial of his motion *in limine* by United States Magistrate William L. Harper. Friend sought to suppress the results of a breathalyzer test, which indicated that he had been driving under the influence of alcohol, because he claimed National Park Service rangers denied him the opportunity to obtain an independent blood test. After the magistrate denied his motion *in limine*, Friend entered a plea of *nolo contendere* on charges of driving under the influence of alcohol and unsafe operation of a motor vehicle. Friend entered the plea subject to appeal of the motion *in limine* ruling. The Court has reviewed the transcript of proceedings before the magistrate, along with the briefs filed by the parties. For the reasons stated below, the Court will affirm the magistrate's decision.

Appellant was arrested by National Park Service Ranger Jana Crouse at the Chattahoochee River National Recreation Area on June 10, 1989. National Park Service Ranger Stuart Delugach ("Delugach") transported appellant to the Smyrna City Jail, where Friend was given a breathalyzer test. The test revealed that Friend had a blood alcohol level of .10 grams of alcohol, which indicated that he had been operating a vehicle under the influence of alcohol in violation of 36 C.F.R. § 4.23(a)(2). Friend was told that under Georgia law he had the right to a second test, which he requested. Delugach then transported appellant to Kennestone–Windy Hill Hospital for a blood test.

Appellant twice was brought into the hospital for a blood test. The first time he decided he did not want a blood test, apparently because he feared that it would reveal a higher level of blood alcohol than the breathalyzer test. The second time he decided he did not want a blood test, because he was told that the hospital nurse could draw his blood, but could not test the blood unless requested to do so by the park service ranger. Appellant apparently believed it would be useless to draw blood that would not be tested at the hospital and Delugach would not authorize the test on behalf of the National Park Service.

The magistrate heard testimony from appellant, appellant's brother, and Delugach. After the testimony and argument by counsel, the magistrate concluded that Friend

was not denied the opportunity to have a second test administered. The magistrate also indicated that he did not believe Georgia law applied, because federal procedural law governs violations of federal criminal law. Friend appeals on both grounds.

The Court agrees with the magistrate that state law does not govern this matter. The magistrate relied on *United States v. Pforzheimer*, 826 F.2d 200 (2nd Cir.1987), and *Burge v. Estelle*, 496 F.2d 1177 (5th Cir.1974).[1] Those cases stand for the proposition that "evidence admissible under federal law cannot be excluded because it would be inadmissible under state law." *Pforzheimer*, 826 F.2d at 204 (*quoting United States v. Quinones*, 758 F.2d 40, 43 (1st Cir.1985)) (citations omitted).[2] The Court would add only that the applicability of federal law in federal prosecutions has been established since *Olmstead v. United States*, 277 U.S. 438, 48 S.Ct. 564, 72 L.Ed. 944 (1928).

■ Appellant nevertheless argues that Georgia law should be followed because under 36 C.F.R. § 4.2 "[u]nless specifically addressed by regulations in this chapter, traffic and the use of vehicles within a park are governed by State law." Appellant claims that because the federal regulations do not address specifically whether he was entitled to obtain an independent blood test, he should have been given the opportunity to obtain a blood test pursuant to O.C.G.A. § 40–6–392(a)(3). The Court, however, does not read 36 C.F.R. § 4.2 in such a broad manner. The Court construes the regulations to make substantive state traffic laws applicable in national parks in the absence of federal regulations. Because state procedures in drunk driving cases do not establish substantive traffic offenses, the Court concludes that state laws authorizing independent blood tests

do not fall within the parameters of 36 C.F.R. § 4.2.

■ Although the Court agrees with the magistrate that federal law governs this matter, the Court is somewhat troubled by the fact that the magistrate apparently did not attempt to elucidate the requirements of federal law. Not surprisingly, the parties have not overlooked this issue. The government claims that there is no right to an independent blood test under 36 C.F.R. § 4.23. Appellant suggests that failure to allow an independent blood test amounts to a denial of due process, because it is not possible for the accused to obtain a valid sobriety test after his release. In this regard, appellant notes that blood alcohol levels decrease relatively quickly.

While there is some merit to appellant's position, the Court is not prepared to elevate the right to an independent blood test recognized in many states to federal constitutional stature. The Court notes that the principal case relied upon by appellant, *Scarborough v. Kellum*, 386 F.Supp. 1360 (N.D.Miss.1975), *aff'd*, 525 F.2d 931 (5th Cir.1976), addresses whether a state may deny a defendant's request for an objective sobriety test when one has not been performed by the state. The Court agrees that where the state does not conduct a sobriety test upon arrest, it would be a denial of due process to prohibit the defendant from obtaining an objective test at his or her own expense. Unfortunately, those due process considerations do not vindicate appellant in this case, since he was given a breathalyzer test when he was arrested.

■ Even if the Court were to hold that Georgia law governed the issues raised by this appeal, or that the Due Process Clause mandates the opportunity to obtain an independent blood test, or that federal officers must afford defendants in drunk-driving

---

1. In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir.1981), the Eleventh Circuit adopted as binding precedent all cases decided by the Fifth Circuit before September 30, 1981.

2. In *Pforzheimer* the Second Circuit also held that federal law should apply even where "the underlying investigation leading to prosecution was conducted solely by state officials." 826

F.2d at 204. *Accord United States v. Butera*, 677 F.2d 1376, 1380 (11th Cir.1982), *cert. denied*, 459 U.S. 1108, 103 S.Ct. 735, 74 L.Ed.2d 958 (1983). As a result, contrary to defendant's claims, it is immaterial that park service rangers receive training from the State of Georgia, including instruction about Georgia law enforcement procedures.

cases all rights they would have under state law,[3] the Court would not hold in appellant's favor. The magistrate found that appellant had the opportunity to obtain an independent blood test. The Court agrees. On two occasions Friend was brought into Kennestone–Windy Hill hospital for a blood test. On both occasions the decision concerning whether to have blood drawn was made by him. It is unfortunate that appellant did not obtain the blood test he now claims he wanted, but the Court cannot conclude that he was denied the opportunity to obtain a blood test by the National Park Service rangers.

For the foregoing reasons, the Court AFFIRMS the decision of the magistrate.

IT IS SO ORDERED.

---

3. Appellant suggests that the absence of a direct conflict between federal requirements and state law mandates imposition of state law requirements based upon *United States v. Garner,* 874 F.2d 1510, 1512 (11th Cir.1989) (per curiam). The Court cannot agree with appellant, however, that *Garner* requires reference to Georgia law. This case does not present the situation addressed by *Garner* where a federal prosecution occurs pursuant to state substantive law. Moreover, the Court agrees with the government that Georgia law and federal law conflict indirectly on this issue, since 36 C.F.R. § 4.23(c) addresses testing and does not require an opportunity for an independent blood test.