[No. 56375–6.   En Banc.   February 21, 1991.]

THE STATE OF WASHINGTON, *Petitioner*, v. DONALD H. ENTZEL, *Respondent.*

436

*Jerald R. Hamley, Prosecuting Attorney,* for petitioner.

*Larson, Tracy & Ries, P.S.,* by *Larry W. Larson,* for respondent.

ANDERSEN, J.—

## FACTS OF CASE

At issue in this case is whether the Superior Court erred in reversing an automobile driver's District Court conviction of driving while under the influence (DWI). We hold that the dismissal was improper, reverse the Superior Court and order that the District Court conviction be reinstated.

The driver, Donald H. Entzel, was arrested on December 27, 1986 for DWI and resisting arrest. He refused to cooperate with the officer's attempt to administer field sobriety tests. Other officers had to be called to the scene to assist in making the arrest.

At the time of the arrest, the officer did not offer to give a breath test nor did the driver request that he be permitted to obtain one. The arresting officer's report and testimony are to the effect that he did not attempt to obtain a Breathalyzer test because such an attempt would have been futile in view of the driver's behavior in resisting arrest.

Mr. Entzel, the driver, was tried before a Grant County jury and found guilty of driving while under the influence,[1] and of resisting arrest.[2]

On appeal, the Superior Court affirmed the resisting arrest conviction but reversed the DWI conviction. This court granted the State's motion for discretionary review of the Superior Court order vacating and dismissing the District Court DWI conviction. The conviction for resisting arrest is not in issue.

The State's challenge is to the portion of the Superior Court order which held that absent exigent circumstances, the offer of a breath test is mandatory when a police officer takes a driver into custody having reasonable grounds to believe the driver is under the influence of alcohol.

Two issues are presented.

## ISSUES

ISSUE ONE. Does Washington's implied consent statute, RCW 46.20.308, impose a mandatory duty on police officers to offer a breath test to all persons accused of driving while under the influence?

ISSUE TWO. Even absent such a statutory duty, when the State elects not to invoke the implied consent statute by asking for a breath test, must it nonetheless advise a DWI suspect that he or she has a right to submit to blood alcohol testing?

## DECISION

ISSUE ONE.

CONCLUSION. Nothing in Washington's implied consent statute imposes a mandatory duty on law enforcement personnel to offer a breath test to all persons accused of driving while under the influence.

At all times pertinent herein, RCW 46.20.308 provided in relevant part:

---

[1] RCW 46.61.502.

[2] RCW 9A.76.040.

(1) Any person who operates a motor vehicle within this state is deemed to have given consent, subject to the provisions of RCW 46.61.506, to a test or tests of his or her breath or blood for the purpose of determining the alcoholic content of his or her breath or blood if arrested for any offense where, at the time of the arrest, the arresting officer has reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle while under the influence of intoxicating liquor.

(2) The test or tests of breath shall be administered at the direction of a law enforcement officer having reasonable grounds to believe the person to have been driving or in actual physical control of a motor vehicle within this state while under the influence of intoxicating liquor. . . . The officer shall inform the person of his or her right to refuse the breath or blood test, and of his or her right to have additional tests administered by any qualified person of his or her choosing as provided in RCW 46.61.506. The officer shall warn the driver that (a) his or her privilege to drive will be revoked or denied if he or she refuses to submit to the test, and (b) that his or her refusal to take the test may be used against him or her in a subsequent criminal trial.

Additionally, at all times pertinent herein, RCW 46.61.502 stated in relevant part:

A person is guilty of driving while under the influence of intoxicating liquor or any drug if he drives a vehicle within this state while:

(1) He has 0.10 grams or more of alcohol per two hundred ten liters of breath, as shown by analysis of his breath, blood, or other bodily substance made under RCW 46.61.506 as now or hereafter amended; or

(2) He is under the influence of or affected by intoxicating liquor or any drug; or

(3) He is under the combined influence of or affected by intoxicating liquor and any drug.

■ Whether the tests described in the implied consent statute, RCW 46.20.308, are mandatory was undecided by any appellate court in this state until the recent Court of Appeals decision in *State v. Woolbright,* 57 Wn. App. 697, 789 P.2d 815 (1990). In *Woolbright,* the officer had been unable to locate a functioning BAC Verifier machine and the suspect did not request an independent test, though she had consented to a state–administered breath test. In *Woolbright,* the Court of Appeals held that the statutory scheme relative to breath tests cannot be interpreted as

giving a DWI suspect a right to a breath test administered by or under the supervision of the arresting officer. The court further held that such tests are not necessary nor required to prove intoxication. *Woolbright* reasoned that although the State has a duty to preserve material evidence, it does not have to seek out exculpatory evidence or conduct tests to exonerate a defendant. *Woolbright* concluded that the implied consent statute does not require a DWI suspect to be given a breath test, but merely provides that a driver is deemed to have given consent and establishes certain guidelines for testing in the event the test is utilized. We agree with the result and reasoning in *Woolbright*.

*Woolbright* is also in accord with the vast weight of authority in other jurisdictions. Nationally, case law holding that implied consent statutes do not impose a duty on law enforcement to offer breath or blood tests has been remarkably consistent over several decades.[3]

In the present case, the driver criticizes *Woolbright* for failing to discuss the "minority rule as set forth in *State v. Lund*, [144 Vt. 171, 475 A.2d 1055 (1984)]," and argues that we should adopt the Lund court's rationale. In point of fact, *Lund* was soundly overruled in *State v. Begins*, 148 Vt. 186, 531 A.2d 595 (1987) by the court that handed it down in the first place. The Vermont Supreme Court overruled its *Lund* opinion in *Begins*, holding that police are *not* required to offer DWI suspects a breath or blood test as a precondition for prosecution. The *Begins* court held that

---

[3]*See, e.g., Parker v. State,* 530 N.E.2d 128 (Ind. Ct. App. 1988); *State v. Hayes,* 108 Idaho 556, 700 P.2d 959 (1985); *Albrecht v. State,* 314 S.E.2d 859 (W. Va. 1984); *Graham v. State,* 710 S.W.2d 588 (Tex. Crim. App. 1986); *State v. Sawyer,* 382 A.2d 1051 (Me. 1978); *People v. Hedrick,* 192 Colo. 37, 557 P.2d 378 (1976); *Ewing v. State,* 300 So. 2d 916, 95 A.L.R.3d 701 (Miss. 1974); *State v. Urrego,* 41 Ohio App. 2d 124, 322 N.E.2d 688 (1974); *State v. Reyna,* 92 Idaho 669, 448 P.2d 762 (1968); *State v. Barry,* 183 Kan. 792, 332 P.2d 549 (1958); *Scarborough v. Kellum,* 525 F.2d 931 (5th Cir. 1976). *See also* Annot., *Driving While Intoxicated: Duty of Law Enforcement Officer To Offer Suspect Chemical Sobriety Test Under Implied Consent Law,* 95 A.L.R.3d 710 (1979); 7A Am. Jur. 2d *Automobiles and Highway Traffic* § 305, at 494 (1980).

the primary purpose of the Legislature in authorizing breath and blood tests was to make available to law enforcement an alternative aid to detecting the extent of alcohol impairment of persons suspected of driving while intoxicated and did not bar prosecutions based upon other evidence of intoxication.

Language in prior Washington cases regarding the implied consent statute lends support to the Court of Appeals conclusion in *Woolbright*. In *Blaine v. Suess,* 93 Wn.2d 722, 728, 612 P.2d 789 (1980), we stated that "[w]hile the law enforcement authorities have no duty to volunteer to arrange for testing, they must not thwart an accused's attempts to make such arrangements."

We also recently listed the following four rights which DWI suspects must be advised of:

(1) "you have the right to refuse the breath or blood test;" (2) "if you refuse to submit to the test your privilege to drive will be revoked or denied;" (3) "your refusal to take the test may be used in a criminal trial;" and (4) "if you take the breath or blood test, you have the right to additional tests administered by any qualified person of your own choosing."

*State v. Bartels,* 112 Wn.2d 882, 886, 774 P.2d 1183 (1989). None of these rights suggest a further right to have the State administer a test should it choose not to do so.

The driver argues that the language in RCW 46.20-.308(2), that "[t]he test . . . of breath shall be administered at the direction of a law enforcement officer", imposes a mandatory duty on police to offer the test to everyone accused of driving while intoxicated. The West Virginia Supreme Court in *Albrecht v. State,* 314 S.E.2d 859, 863 (W. Va. 1984), addressed this same contention, declaring that

we disagree . . . that the language stating that a chemical test "shall be administered at the direction of the arresting law–enforcement officer" means that such a test is mandatory. All this phrase means is that if a chemical test is given, it has to be administered at the direction of the arresting officer.

We agree with this statement; the statutory language

quoted above merely designates under whose direction the breath tests by police shall be administered.[4]

Given the statutory scheme in Washington for apprehending and punishing persons who drive while under the influence, it would be unreasonable to construe the implied consent statute as mandating breath or blood tests. The 1986 version of RCW 46.61.502,[5] pertinent herein, allowed the State to convict if the person drives *either* while that person:

> has 0.10 grams or more of alcohol . . . as shown by analysis of his breath, blood, . . .

RCW 46.61.502(1); *or* when the person

> is under the influence of or affected by intoxicating liquor or any drug; . . .

RCW 46.61.502(2); *or* when the person

> is under the combined influence of or affected by intoxicating liquor and any drug.

RCW 46.61.502(3).[6]

Recently, we have also directly held that this statute (RCW 46.61.502) sets out *alternative* means of committing the crime of driving while under the influence.[7]

In short, under our state statutes, demonstrating that a person failed a breath or blood test is but *one* of several methods of showing that a person has been driving while under the influence. The statutory option to use breath or blood testing in DWI cases, which the Legislature gave to law enforcement officers, does not foreclose proof by other means. We conclude that the implied consent statute does

---

[4]*See also Kettering v. Baker*, 42 Ohio St. 2d 351, 353, 328 N.E.2d 805, 806 (1975); *Barry*, 183 Kan. at 797–98, 332 P.2d at 553–54.

[5]The present version of RCW 46.61.502 spells out four different methods of committing the offense; all are listed in the alternative.

[6]*See* Laws of 1986, ch. 153, § 2, p. 481.

[7]*State v. Leach*, 113 Wn.2d 679, 696, 782 P.2d 552 (1989) (citing *State v. Franco*, 96 Wn.2d 816, 821, 639 P.2d 1320 (1982)).

*not* impose a mandatory duty on law enforcement officers to offer to administer a breath or blood test to everyone accused of driving while under the influence. The Court of Appeals *Woolbright* decision comports with the language of our statute and is in harmony with the overwhelming weight of authority in other jurisdictions.

ISSUE TWO.

CONCLUSION. The State has no affirmative duty to inform a DWI suspect of the availability of breath or blood testing absent the State's use of the implied consent statute to request that the suspect submit to such testing administered by the State.

██ ██ Here, the driver argues that even if the State did not have the duty to offer him a breath or blood test, it did have an affirmative duty to inform him that he could arrange to have such a test. Authority from other jurisdictions indicates that no such duty has been imposed on law enforcement officers by the enactment of implied consent statutes.[8] Our review of the cases holding that when the State chooses not to invoke the implied consent law, there is no duty on law enforcement officers to inform DWI suspects of the availability of independent testing, convinces us that such a rule is compatible with Washington case law regarding the State's duty to preserve evidence. As our courts have repeatedly held, while the State may in some instances have a duty to preserve potentially material and exculpatory evidence, it is not required to search for exculpatory evidence.[9]

---

[8] *See, e.g., Scarborough,* 525 F.2d at 933; *Barry,* 183 Kan. at 797–98, 332 P.2d at 554; *Ewing,* 300 So. 2d at 922; *Reyna,* 92 Idaho at 673. *Contra, Montano v. Superior Court,* 149 Ariz. 385, 719 P.2d 271 (1986). *See also Palmer v. State,* 604 P.2d 1106, 1110 (Alaska 1979) (holding that when advice to a DWI suspect regarding availability of additional testing is not statutorily mandated, it is not required as a matter of constitutional due process); *Conrad v. Schwendiman,* 680 P.2d 736, 739 (Utah 1984); *Farmington v. Joseph,* 91 N.M. 414, 416–17, 575 P.2d 104, 106–07 (1978).

[9] *See, e.g., State v. Howard,* 52 Wn. App. 12, 16, 756 P.2d 1324 (1988), *review denied,* 112 Wn.2d 1010 (1989); *State v. Judge,* 100 Wn.2d 706, 717, 675 P.2d 219

Since DWI suspects are entitled to be informed of their right to counsel prior to the administration of a breath test,[10] defense counsel is the appropriate person to advise the suspect of the best means of gathering exculpatory evidence. While the police may not interfere with a suspect's efforts to secure exculpatory evidence,[11] they should not be placed in the role of advisors to the accused to give counsel regarding the ways and means of gathering evidence.

While this state's implied consent statute directs the State to inform accuseds of their right to refuse a test and their right to have "additional tests",[12] it does not impose a duty on law enforcement officers to inform DWI suspects of a right to obtain independent testing *unless* the State requests such testing. DWI suspects have the right to "additional" testing so that they can have their own tests when they doubt the accuracy or fairness of the tests given by law enforcement officers.[13] We perceive no statutory or case law foundation on which a duty could reasonably be imposed on the State to inform DWI suspects of the right to a breath or blood test in the absence of the State's use of

---

(1984); *State v. Jones,* 26 Wn. App. 551, 554, 614 P.2d 190 (1980); *State v. Hall,* 22 Wn. App. 862, 867, 593 P.2d 554, *review denied,* 92 Wn.2d 1021 (1979). Other states also hold that although the State has a duty to preserve exculpatory evidence, it does not have the duty to gather it. *Hayes,* 108 Idaho at 561; *Ewing,* 300 So. 2d at 922; *Urrego,* 41 Ohio App. 2d at 125; *Reyna,* 92 Idaho at 674. *See also Arizona v. Youngblood,* 488 U.S. 51, 59, 102 L. Ed. 2d 281, 109 S. Ct. 333 (1988) (in discussing the State's duty to preserve exculpatory evidence, the court held that police do not have a constitutional duty to give a Breathalyzer test to one accused of drunk driving).

[10]*State v. Staeheli,* 102 Wn.2d 305, 309, 685 P.2d 591 (1984); *State ex rel. Juckett v. Evergreen Dist. Court,* 100 Wn.2d 824, 831, 675 P.2d 599 (1984); former JCrR 2.11(b)(1).

[11]*Blaine,* 93 Wn.2d at 728.

[12]RCW 46.20.308.

[13]*State v. Turpin,* 94 Wn.2d 820, 826, 620 P.2d 990 (1980); *State v. Bartels,* 112 Wn.2d 882, 886, 774 P.2d 1183 (1989); *Greenwood v. Department of Motor Vehicles,* 13 Wn. App. 624, 629, 536 P.2d 644, 98 A.L.R.3d 566 (1975).

444

the testing authorized by the implied consent statute. Absent any statutorily imposed duty in that regard, we decline to impose such a duty.

The Superior Court's dismissal of the respondent's DWI conviction is reversed and the District Court's conviction of that offense will be reinstated.

DORE, C.J., UTTER, BRACHTENBACH, DOLLIVER, DURHAM, SMITH, and GUY, JJ., and CALLOW, J. Pro Tem., concur.