[No. 14336-8-III.   Division Three.   February 15, 1996.]

THE STATE OF WASHINGTON, *Petitioner*, v. JAMES DOUGLAS RIVARD, *Respondent*.

634

*James R. Sweetser, Prosecuting Attorney,* and *Kevin M. Korsmo, Deputy,* for petitioner.

*Richard L. Bechtolt, Jr.,* for respondent.

SWEENEY, C.J. — The implied consent law in this state requires that an officer inform a suspect of "his or her right to have additional tests administered by any qualified person of his or her choosing . . . ." RCW 46.20.308(2). James Rivard was a suspect in a vehicular homicide. The investigating officer requested that he submit to the "usual procedure" of a blood test, but did not advise Rivard of his right to have additional tests. Before trial, Rivard moved to suppress the results of the blood test because the officer did not advise him of his right to additional tests. The trial court agreed and suppressed the test results. Rivard's first trial resulted in a hung jury. Before a second trial, Rivard again moved to suppress. Again the court granted the motion. The trial was stayed, and we granted the State's motion for discretionary review.

■■ The State adequately frames the issue before us, as follows:

Merely because a driver has been involved in a serious ac-

cident, must the implied consent statute, RCW 46.20.308, be invoked and the defendant advised of his statutory right to additional testing, or can an officer obtain a voluntary consent to a blood alcohol test outside of the implied consent statute?

To the first part of this question, we answer no. An officer is not required to invoke the implied consent law merely because a driver is involved in a serious accident—here vehicular homicide, RCW 46.61.520. The implied consent statute does not require that the officer obtain a blood sample. *State v. Entzel*, 116 Wn.2d 435, 441-42, 805 P.2d 228 (1991) ("The State has no affirmative duty to inform a DWI [driving while under the influence] suspect of the availability of breath or blood testing absent the State's use of the implied consent statute to request that the suspect submit to such testing administered by the State.").

To the second part of the question, we answer yes. If the officer elects to obtain a blood sample, the officer must inform the suspect of his or her right to obtain an additional blood sample, even if the suspect has not been arrested. *See State v. Turpin*, 94 Wn.2d 820, 826, 620 P.2d 990 (1980) ("The State cannot be allowed to use evidence which the defendant is unable to rebut because she was not apprised of her right to independent testing.").

## DISCUSSION

An officer must inform a suspect of "his or her right to have additional tests administered by any qualified person of his or her choosing . . . ." RCW 46.20.308(2); *State v. Schulze*, 116 Wn.2d 154, 165, 804 P.2d 566 (1991). Additional tests allow a defendant to challenge the "accuracy or fairness of the test to be given by law enforcement officers." *State v. Carranza*, 24 Wn. App. 311, 318, 600 P.2d 701 (1979) (McInturff, J., dissenting) (when intoxication is the foundation for the charge, the issue of accuracy of the testing procedures immediately arises), *review denied*, 93 Wn.2d 1006 (1980). The right to be informed of additional

testing is especially critical because evidence that can help prove or disprove the charge will disappear within a relatively short time. *Turpin*, 94 Wn.2d at 826.

The State here urges that the implied consent statute was not triggered because Rivard was not arrested. It relies solely on *Entzel* and *State v. Wetherell*, 82 Wn.2d 865, 514 P.2d 1069 (1973).

We are not persuaded by the State's reliance on *Entzel*. There, police did not offer a defendant a breath test because of the defendant's obnoxious and uncooperative behavior. Here, Rivard was cooperative. He submitted to a blood test. *Entzel* is, therefore, factually inapposite.

In *Wetherell*, a consolidated appeal, police failed to give two defendants their *Miranda*[1] or implied consent warnings before obtaining test samples. Neither defendant was arrested. A blood sample was taken from one of the defendants (Wetherell) without his consent; the other defendant (Wright) consented to a breath test. The issue presented was whether the implied consent provisions applied to drivers not placed under arrest at the time an officer requests a sobriety test.

The Supreme Court concluded that a lawful arrest is an "indispensable element" which triggers the requirement to give the implied consent warnings. *Wetherell*, 82 Wn.2d at 869 (lawful arrest is essential introductory step to implied consent provisions). The court reasoned that absent an arrest, consent had to be actual. *Wetherell*, 82 Wn.2d at 869 (any consent on the part of the driver to administration of sobriety test must be actual). The court concluded that the results of a sobriety test not preceded by an arrest or actual consent were inadmissible. *Wetherell*, 82 Wn.2d at 870. Because Wetherell had not consented, the extraction of his blood was an unlawful search and seizure. And because Wright consented, his test results were admissible. *Wetherell*, 82 Wn.2d at 871.

---

[1]*Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694, 10 A.L.R.3d 974 (1966).

In *Turpin*, the defendant had not been advised of her right to independent testing when a blood sample was obtained. She asserted a statutory right to be advised of her rights to additional testing under RCW 46.20.308. The State interpreted the 1975 amendment to RCW 46.20.308 to mean there was no longer a reason to apprise the defendant of the right to independent testing because the defendant had no right to refuse the test. *Turpin*, 94 Wn.2d at 824.

The court in *Turpin* reasoned that even though a negligent homicide defendant had no right to refuse a blood test, "it does not inexorably, or even logically, follow that the defendant must also be kept ignorant of his right to independent testing." *Turpin*, 94 Wn.2d at 824 (italics omitted). It noted, at pages 824-25, that the right to be informed of additional tests was based on the independent statutory right. The defendant in *Turpin* was precluded from obtaining evidence necessary to her defense because she was not informed of the right to have additional tests. *Turpin*, 94 Wn.2d at 826. The court concluded exclusion of the State's evidence was the only proper remedy because the "State cannot be allowed to use evidence which the defendant is unable to rebut because she was not apprised of her right to independent testing." *Turpin*, 94 Wn.2d at 826. "Retaining the independent duty to inform of the right to additional testing is not inconsistent" with *Wetherell*. *Turpin*, 94 Wn.2d at 825.

The State further argues that whatever was required by the implied consent statute, i.e., advising of additional tests, is irrelevant and inapplicable because Rivard voluntarily consented to the test (and in fact had no right to refuse). We disagree. Voluntary means "[p]roduced in or by an act of choice," and implies "knowledge of essential facts." *Blacks Law Dictionary* 1575 (6th ed. 1990); *see Roethle v. Department of Licensing*, 45 Wn. App. 607, 726 P.2d 1001 (1986) (person must not be deprived of an opportunity to make a knowing, intelligent and voluntary decision), *review denied*, 107 Wn.2d 1030 (1987); *see also*

*Connolly v. Department of Motor Vehicles*, 79 Wn.2d 500, 503-04, 487 P.2d 1050 (1971) (person under arrest must have refused knowingly and intelligently, after being advised of his right to have a physician of his own choosing administer an additional test).

Because the State intended to introduce the results of Rivard's blood sample into evidence, Rivard had a right to make a knowing and intelligent decision about additional testing. That right existed even though he had no right to refuse to submit to the blood test. He could not voluntarily consent if he was not advised of his independent right.

Had Rivard refused a blood test, he no doubt would have been arrested and given appropriate implied consent warnings, including the right to additional testing. He should not lose that right because he cooperated and was not arrested.

The decision of the trial court suppressing the results of Rivard's blood test is affirmed.

THOMPSON and SCHULTHEIS, JJ., concur.

Review granted at 129 Wn.2d 1022 (1996).