IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50818
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

KELLY SPENCER MACON,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC Nos. W-00-CV-36
W-97-CR-18-2
--------------------
December 27, 2002

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

    Kelly Spencer Macon, federal prisoner # 07729-052, appeals
the district court's denial of his motion for permission to file
an out-of-time reconsideration motion and notice of appeal from
the denial of his 28 U.S.C. § 2255 motion, wherein he sought to
vacate his convictions for conspiracy to possess with intent to
distribute and possession with intent to distribute crack cocaine.
Macon also filed a request for a certificate of appealability

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(COA) on the merits of the denial of his 28 U.S.C. § 2255 motion. On appeal, Macon argues that the district court erred in determining that his motion to file an out-of-time appeal was not filed within the time prescribed by FED. R. APP. P. 4(a)(6)(A).

In the district court, Macon stated that he first learned of the entry of the judgment denying his 28 U.S.C. § 2255 motion "[o]n or about June 19, 2001." Macon's affidavit setting forth the exact date on which he received notice of the entry of judgment, which was submitted in conjunction with his appellate filings and was not presented to the district court, is not properly before this court and will not be considered. See Scarborough v. Kellum, 525 F.2d 931, 933 n.4 (5th Cir. 1976). Macon's motion to file an out-of-time appeal was filed on July 2, 2001, 13 days after he received notice of the entry of the judgment denying his 28 U.S.C. § 2255 motion, thereby making it untimely. See FED. R. APP. P. 4(a)(6)(A). Accordingly, the district court did not abuse its discretion in denying Macon's motion. All outstanding motions are denied.

Because Macon has not filed a notice of appeal from the denial of his § 2255 motion, his request for a COA is not properly before this court. See Dison v. Whitley, 20 F.3d 185, 186 (5th Cir. 1994). Accordingly, his request for COA is dismissed for lack of jurisdiction.

JUDGMENT AFFIRMED; ALL OUTSTANDING MOTIONS DENIED; REQUEST FOR CERTIFICATE OF APPEALABILITY DISMISSED FOR LACK OF JURISDICTION.